## WAISNER ET AL. v. WAISNER.

JURISDICTION—ARBITRATION—PARTNERSHIP—DISSOLUTION—PARTNER-
SHIP ASSETS — REAL ESTATE — PUBLIC LAND ENTRIES — IMPROVE-
MENTS—ADMISSIONS IN PLEADING.

1. Where a matter within the issues of a cause pending in the
   District Court was submitted to arbitration by written
   agreement of the parties, and the award, defendant's
   exceptions thereto, and plaintiff's petition for confirmation
   of and judgment upon the award, were filed in the cause, and
   evidence was produced by both parties upon the hearing as
   to the justness and legality of the award; *Held,* (1) that
   the court had jurisdiction to pass upon and sustain the ex-
   ceptions, whether the award was statutory or under the
   common law. (2) A stipulation at such hearing for a dis-
   position of the matter in controversy waived the right to
   stand upon the award if found to be inequitable. (3) The
   acceptance by the parties of a divisible part of the award
   did not estop the objecting party from challenging the valid-
   ity and justness of the other part.

2. A court is without authority upon a mere motion and against
   objections to enter judgment upon a common law arbitra-
   tion made out of court.

3. A statutory award may be impeached for fraud, and a mistake,
   though honestly made, which would work a fraud on either
   party is sufficient, upon exceptions, to vitiate it.

4. The rule that one accepting the fruits of an award cannot
   thereafter question its validity does not apply to awards as a
   whole which are divisible so as to prevent a party from
   accepting an independent and distinct part thereof and chal-
   lenging its validity as to the remainder.

5. The good part of a divisible award may be upheld and the
   objectionable part avoided.

6. Upon the dissolution of a partnership and an accounting be-
   tween the partners it is improper to award the improvements
   upon the homestead of one partner to the others, though the
   value thereof, if made at the firm's expense, will be a
   proper charge against the interest of the partner owning
   the homestead.

7. Since an indebtedness of a partner to the firm for improve-
   ments placed upon his homestead belongs to the personal
   assets of the firm, it will be assumed to have entered into
   an accepted award of arbitrators dividing the personal prop-
   erty and apportioning the debts.

8. An award between partners being divisible as to the strictly personal property and firm indebtedness on the one hand and the real estate on the other, and being fair and accepted as to the former, but unfair and void as to the latter, to which exceptions are filed, it is properly set aside as to the latter.

9. Where the wife of a partner owned and held the legal title to land purchased with her own means, such land was not a proper subject of award by arbitrators between the members of the firm on dissolution and accounting, though it may have been used by the firm; no contract for such use being shown, nor circumstances constituting the owner a trustee of the title for the firm.

10. It being alleged in· a petition for the dissolution and winding up of a partnership and an accounting that the real estate cannot be equitably divided, but should be sold and the proceeds divided, upon which there is no controversy in the pleadings, the plaintiffs have no cause to complain on error that the court so ordered.

11. The fact that a partnership during its existence may have used land entered by one of the partners under the homestead and desert land laws of the United States is not sufficient to constitute such land partnership assets.

12. Before final proof a homestead entryman under the land laws of the United States acquires only an inchoate title, and not a vested right against the government.

·13. Since an agreement, either express or implied, that a partner's homestead entry under the land laws of the United States, upon which there has not been final proof, is made for or should inure to the benefit of the partnership, would be void as against public policy, the land therein embraced is not a proper subject for disposition in a decree winding up the partnership affairs.

[Decided April 15, 1907.]                    (89 Pac., 580.)

ERROR to the District Court, Sheridan County, HON. CARROLL H. PARMELEE, Judge.

Action for the dissolution of a partnership between G. W. Waisner and W. E. Waisner, the plaintiffs, and J. A. Waisner, the defendant, an accounting, and a division of property and proceeds. Pending the suit, and after issues had been joined, the parties submitted their matters of

difference to arbitration. Upon the filing of the award exceptions to a part thereof were. filed by defendant, and a petition and motion for its confirmation as to such part and judgment thereon was filed by the plaintiffs. The exceptions were sustained, and the court ordered that the property covered by the part of the award so. objected to be sold and the proceeds divided. The plaintiffs prosecuted error. The material facts are stated in the opinion.

*M. B. Camplin,* for plaintiff in error.

The award of the arbitrators operated to discontinue the case, and concluded the parties. (Gunter v. Sanchez, 1 Cal., 45; Brickhouse v. Hunter, 4 Am. Dec., 528; Perigo, &c., v. Grimes, 2 Colo., 651; Reeve v. Mitchell, 15 Ill., 297; Cunningham v. Craig, 53 Ill., 252; Moore v. Allen, 35 Me., 276; Dunn v. Sutliff, 1 Mich., 24; Vanderhoof v. Dean, id., 463; People v. C. P., 1 Wend., 314; Larkin v. Robbin, 2 Wend., 505; West v. Stanley, 1 Hill., 69; Bank v. Widner, 11 Paige, 523; Jordan v. Hyatt, 3 Barb., 275; Resequie v. Brownson, 4 Barb., 541; Buel v. Dewey, 22 How. Pr., 342; McNulty v. Solley, 95 N. Y., 242; Jewell v. Blankenship, 18 Tenn., 439; Snodderly v. Weaver, 41 Tenn., 255; Babcock v. School Dist., 35 Vt., 250; Mackey v. Pierce, 3 Wis., 307; Walworth v. Farmers, 22 Wis., 231; Bowen v. Lazalere, 44 Mo., 383.) Even if the . agreement be void that judgment be entered. (Keep v. Keep, 17 Hun, 152.) In equity as well as at law. (Saffle v. Cox, 28 Tenn., 142.) And though discontinuance be not expressly directed. (Rixford v. Nye, 20 Vt., 132; Dolph v. Clemens, 4 Wis., 181; 1 Ency. L., 661.) If not made a rule of court the arbitration statutes do not apply, and the court then has no jurisdiction on motion. (Ins. Co. v. Mer. Co., 44 Fed., 151; *In re* Di Carlo, 59 Hun, 360; Cunningham v. Craig, 53 Ill., 252; Kriess v. Hotaling, 96 Cal., 617; Fink v. Fink, 8 Ia., 313; Burroughs v. David, 7 Ia., 155.) Unless the award is under a submission by rule of court, or within the jurisdiction of the court by

statute, it cannot be vacated on motion; the remedy is an action.  (Morse on Arbitration, 612; Muldrow v. Norris, 2 Cal., 74.)

Defendant's exceptions were not verified, and were insufficient on their face if the award was statutory.  (R. S. 1899, Sec. 4078.)  Neither the pleadings, the arbitration agreement nor the award disclosed any dispute about title to real estate.  The partners had but an equity at best, for it all stood for the payment of debts.  (17 Ency. L., 964.) The award of chattels vested the property at once—but an award of land does not vest title.  It acts merely as an estoppel to prevent setting up title.  (6 Lawson's Rights, &c., 3392, 3393; 1 Ency. L., 713.)  The partnership real estate is to be treated as personal property.  (17 Ency. L., 952-958.)  Matters concerning real estate may be submitted to arbitration.  (1 Ency. L., 658, 659; 2 id. (2d Ed.), 559; Morse on Arbitration, 54; Caldwell on Arbitration, 3; Rights, Rem. and Pr. (Lawson), Sec. 3305; Blair v. Wallace, 21 Cal., 313; Cox v. Jagger, 2 Cow., 649 (14 Am. Dec., 532); Penniman v. Rodman, 13 Metc., 382; Wiles v. Peck, 26 N. Y., 42; Olcott v. Wood, 14 N. Y., 32; Jackson v. Ambler, 14 Johns., 109; Meyers v. Easterwood, 60 Tex., 107; Akely v. Akely, 16 Vt., 450; Blanchard v. Murray, 15 Vt., 548; Merritt v. Merritt, 11 Ill., 565; Byers v. VanDusen, 5 Wend., 268; Williams v. Warren, 21 Ill., 541; McMillan v. James, 105 Ill., 194; Coxe v. Lundy, 1 N. J. L., 255; Farris v. Caperton, 38 Tenn., 606; Shackelford v. Purkett, 9 Ky., 435 (12 Am. Dec., 422); Carey v. Wilcox, 6 N. H., 177; Finley v. Funk, 12 Pac., 15.)  Our own constitution does not contemplate any limitation on subject matter which may be submitted to arbitration; or contemplate any reservations or exceptions whatever.  (Art. 19, Sec. 1.)

It is true that it provides that the arbitrators shall have such powers and duties as may be prescribed by law.  But the powers of the arbitrators is a different proposition from the power given to the parties to submit.  Questions as to

legal title are not involved in the case at bar. But the universal holding is that unless there be submitted an actual dispute about the legal title to real estate, the statutory inhibition has no application. (Blair v. Wallace, 21 Cal., 317.) The pleadings show ownership of lands, leaseholds and personal property; the submission provides for the arbitrators to take up such matters and make division of them; the award does so; the whole proceedings show a winding up of partnership affairs, and a division of the property. Hence there is no legal defect in the award or arbitration proceedings. (Masters v. Gardner, 5 Jones L. (N. C.), 298.) The court, therefore, erred in sustaining the objections and exceptions or any part thereof, and in vacating and setting aside the said award or any part thereof, and in not considering the award as a settlement and adjustment of the matters set forth in the pleadings.

When the court overruled the plaintiff's objection to jurisdiction, and indicated its purpose to consider the exceptions, the plaintiffs, thereupon, in view of said ruling, filed their petition for judgment on said award; and included in it an answer of estoppel to defendant's exceptions duly verified. The court made no direction as required in Section 4078, but the defendant proceeded with his evidence under the direction of the court, against the protest of plaintiffs, they contending that no evidence could be received under defendant's objections; that none could be received to vary the terms of the award.

The land held by defendant was not his individual property, but was a part of the capital stock of the firm. (Fidler v. Cooper, 19 Wend., 285; Cutler v. Whitmore, 10 Mass., 442.) The evidence as to ownership was all incompetent because not within the exceptions. The defendant was estopped both by the record and his conduct from denying the legality of the award.

Though an' award be voidable, it may be ratified, and when once ratified it cannot afterwards be objected to. The defendant ratified the award here by accepting its benefits.

(1 Ency. L., 714; Thompson v. Blanchard, 2 Ia., 44; Mc-Rea v. Buck, 2 S. & P., 155; Reynolds v. Roebuck, 37 Ala., 408; Miller v. Brumbaugh, 7 Kan., 343; Callant v. Downey, 2 J. J. Marsh., 346; Johnson v. Ketchum, 4 N. J. Eq., 364; DeCastro v. Brett, 59 How. Pr., 484; Sharp v. King, 3 Ired. Eq., 402; Pike v. Stalling, 71 Ga., 860; Neel v. Neel, 72 Ga., 201; Grimmitt v. Smith, 42 Ill. App., 577; Sisson v. Baltimore, 51 Md., 83; Culver v. Ashley, 19 Pick., 300; Furber v. Chamberlain, 29 N. H., 405; Taylor v. R. Co., 57 Vt., 106; Leslie v. Leslie, 50 N. J. Eq., 155.) An award under an agreement for arbitration is an entirety, so that a party to the agreement cannot accept the benefits of a part of the award, and complain of the illegality of another part. (Thornton v. McCormick, 75 Ia., 285.) An award of arbitrators, when acquiesced in by both parties, has as to them the effect of a final judgment. (Penniston v. Somers, 15 La. Ann., 679; Tyler v. Stephens, 7 Ga., 278; 68 id., 534; 95 id., 752; Burrows v. Guthrie, 61 Ill., 70.) Even if void, if the party accepts and retains its fruits. (Irr. Co. v. Middaugh, 21 Pac., 565; D. Co. v. D. Co., 43 Pac., 540; Arthur v. Israel, 25 Pac., 81; Muldoon v. R. Co., 38 Pac., 995.) So even if the award was invalid, the defendant was estopped to deny its validity; and the court erred in not sustaining the estoppel, and in not giving plaintiffs judgment on the award. The award was not justly divisible. The statute (Sec. 4078) does not give the court power to set aside and award by piecemeal. But if it finds the award void, to set it aside. If the award was to be set aside at all, the facts in this case show the wisdom of the law, in requiring it to be set aside in toto and retaining the matters submitted for trial. (Morse on Arb., 330; Smith v. Cutler, 10 Wend., 589; 12 O. Dec., 27; 1 Ency. L., 711.) The court can only set aside an award when and as authorized by statute.

*Burgess & Kutcher,* also for plaintiffs in error, argued and contended that by accepting the part of the award favor-

able to him the defendant is estopped from now questioning any part; and that this is so even if the statute applies forbidding the arbitration of questions affecting real estate, since it is impossible to place the parties in their original relative positions. That the division of the land only was submitted to arbitration, without any dispute respecting titles, and in support of the contention counsel cited 3 Cyc., 719 (note 20), 720; Thornton v. McCormick (Ia.), 30 N. W., 502; Wiles v. Peck, 26 N. Y., 42; State v. Gurnee, 14 Kan., 111; Matter of Peaslee, 73 Hun, 113; Ferguson v. Landram, 96 Am. Dec., 350; Daniels v. Tierney, 102 U. S., 421; Fry v. Morrison, 159 Ill., 244; Keller v. Stanley, 86 Ky., 240; Hainer v. Iowa, &c., 78 Ia., 252; Smith v. Guild, 34 Mo., 443; 26 Ency. L. (2d Ed.), 50, 56; 29 id., 832; Beach Mod. Eq. Jur., 618.

Counsel further argued that since the arbitration was for the sole purpose of winding up the entire partnership business, and dividing its assets, the submission and the award were each an entirety; that it cannot be assumed there would have been a submission with the real estate omitted, and that in fact the parties did not agree by the arbitration to settle only part of the firm business. That to permit of the separation of an award, and vacation of a part only, it is indispensable that the part allowed to stand should appear to be in no way affected by a departure from the submission, and to be in itself final. If not separable and a part is bad, then the whole of the award must fall, citing 3 Cyc., 715; Lampire v. Cowan, 39 Vt., 420; Philbrick v. Preble, 36 Am. Dec. (Me.), 718; Muldrow v. Norris, 12 Cal., 331.)

*Metz & Sackett,* for defendant in error.

The award as to the real estate was void because unauthorized by the statute concerning arbitration. (Const. Wyo., Art. 19; R. S. 1899, Sec. 4068; Lang v. Balliette (Mich.), 7 L. R. A., 720; Gallagher v. Kearn, 31 Mich., 138.) It is also void for lack of description. (2 Ency. L., 761.)

The award is divisible.  That appears on its face, and from the fact that the real estate was considered separately and without reference to the division of the other property. The presumption is always in favor of divisibility, to the end that the good part may be upheld.  (2 Ency. L. (2d Ed.), 749; 3 Cyc., 713; Buthe v. Mayor, &c., 1 Hill, 490.) Great weight should also be given to the fact that the division of the personalty and accounts was fair and equitable.  The authorities sustain the divisibility of this award. (Martin v. Williams, 13 Johns., 264; Muldrow v. Norris, 2 Cal., 74; Russell on Awards (6th Ed.), 331; Tracy v. Herrick, 25 N. H., 401; Barrows v. Capin, 11 Cush., 37; Giddings v. Hadaway, 28 Vt., 342; Lisle v. Rogers, 5 Wheat. (U. S.), 394; Bacon v. Wilber, 1 Cow., 117; Richter v. Chamberlain, 6 Binn., 34; Nichols v. Ins. Co., 22 Wend., 126; Parmelee v. Allen, ·32 Conn., 115.)  The questions as to real estate were not submitted, and no authority resided in the arbitrators to consider or divide the individual filings and entries:  (2 Ency. L. (2d Ed.), 738.) The accepted part of the award was in no wise affected by the real estate matters.

SCOTT, JUSTICE.

This action was originally commenced in the District Court of Sheridan County by the plaintiffs in error against the defendant in error for a dissolution of a partnership then and theretofore existing between them and for the appointment of a receiver to take charge of the firm property, for an accounting, and for a division of the personal partnership property.  The property consisted of sheep, some real estate, state land leases and necessary personal property to care for the sheep.  It was alleged in the petition and admitted by the answer that the real estate belonging to the firm could not be equitably divided and should be sold and the proceeds divided.  The parties were equal partners.  The court appointed a receiver, who duly qualified and took into his possession all of the partnership

property.. While the suit was pending and after the issues were made up the parties entered into and signed the following agreement, viz.:.

"ARBITRATORS—SUBMISSION AGREEMENT.

"*Know All Men, by These Presents,* That we, the undersigned, do hereby mutually agree to submit the matters in difference between us hereinafter set forth, to the determination and award of J. J. Blackbourn of Sheridan, Wyoming, C. E. Halbert of Sheridan, Wyoming, with such other party as the two may select, as arbitrators, J. I. Kirby. Said arbitrators to meet at Coffeen-Redly hall, in the Town of Sheridan, Wyoming, on Saturday, February 18th, 1905.

"Said arbitrators shall take up all questions of the ownership of all real estate, leased land, live stock, assets, and liabilities, either of the parties composing the firm of Waisner & Sons, or of outside parties to said firm, but in the latter case the account is to be accepted by the firm, before being passed on by the arbitrators, except the claim of R. R. Selway, also regarding the sale of 120 ewes to G. C. Waisner, which are to be decided by the arbitrators; *said property is to be divided without public sale,* but it is in the discretion of the arbitrators to allow the parties composing the firm of Waisner & Sons to bid either on the homestead, or the leased land. Should it happen *in the division of the property* that one partner *shall have what exceeds his share,* payment shall be made to the other parties, of the amount so due, within 30 days from the time the decision of the arbitrators is given.

"It is mutually agreed by the parties to this agreement, that no attorneys shall be present at any meeting of the arbitrators, either to examine witnesses, or to argue any matter in the case, but the arbitrators may present any question, touching the legality of any action of theirs, or the legal status of any matter coming up before them in this case to any lawyer, but his opinion shall not be binding on said arbitrators.

"The said arbitrators shall hear and determine said above questions, *make division of said property,* and award the payment of the costs and expenses incurred in said arbitration, and shall make their award in writing on or before February 25th, 1905, at 4 o'clock p. m.

"Witness:                                    G. W. WAISNER,
    "J. G. HUNTER. .                         J. A. WAISNER,
                                             "W. E. WAISNER."

The following agreement is endorsed on the reverse side of the agreement to submit to arbitration:

"We, the undersigned parties to the arbitration submission, on reverse side of this sheet, hereby mutually agree to abide by the decision of said arbitrators, and mutually agree that any court may render judgment and issue execution thereon:

"Witness:                                    G. W. WAISNER,
    "J. G. HUNTER.                           J. A. WAISNER,
                                             "W. E. WAISNER."

The arbitrators met pursuant to the terms of this agreement and proceeded to divide the personal property between the parties and to apportion the indebtedness of the firm among them; they also attempted to divide and apportion the real estate among the parties. In so far as the award of the personal property is concerned, each of the parties accepted from and receipted to the receiver for his part and the action of the receiver in so turning the personal property over to the parties entitled thereto under the award was affirmed by the court, and the receiver was on September 21, 1905, by consent of the parties, they being personally present, discharged by order of the court and his bondsmen released. The following recital appears in the award made and filed by the arbitrators, viz.: "The said arbitrators do further award that all actions and suits commenced, brought or pending between the said G. W. Waisner, W. E. Waisner and J. A. Waisner for any matter, cause or thing whatsoever, arising or happening at the time of, or before, entering

into the said agreement of arbitration, shall from henceforth cease and determine, and be no further prosecuted or proceeded in by them, or either of them, or by their, or either of their means, consent or procurement." The agreement to submit to arbitration, the oath and award of the arbitrators were filed in the case on February 24, 1905. The receiver made his final report on March 25, 1905, in which he recites that "the said parties to this action, the plaintiffs and defendants composing the members of said copartnership of Waisner & Sons, have by agreement submitted all their difficulties existing between them and involved between them in this action to arbitration; said parties mutually agreeing in writing to abide by the decision of said arbitrators, and therein agreeing in writing that this court may render judgment and issue execution thereon, both of which instruments are on file in this court." In the order approving this report and discharging the receiver the court found "by the consent of said parties that there has been no necessity for said receiver since March 24, 1905, and that all his duties terminated at that time." The defendant filed exceptions to the award as to the real estate on March 9, 1905. Upon hearing, the exceptions were sustained, the court found that the real estate belonging to the partnership could not be equitably divided and ordered the same to be sold and the proceeds of the sale to be equally divided among the partners.

I. The jurisdiction of the court to consider defendant's exceptions to the award was challenged. The exceptions filed were not entitled in the cause, and over plaintiffs' objections the court permitted the exceptions to be amended by the insertion of the title.

A great part of plaintiff's brief is devoted to the question of jurisdiction. The arbitration was not in pursuance of any rule of the court. It was with reference to property in *custodia legis* and in so far as the division of the personal property and apportioning the debts is concerned seems to have been satisfactory, and the custodian divided the per-

sonal property of the firm in accordance with the award, took receipts therefor and his action was approved by the court; and he was discharged and his bondsmen released by and with the consent of the parties. If plaintiff's contention is correct, that it was a common law arbitration and that the exceptions had no place in the record of this case they could, upon the overruling of their objection to the jurisdiction of the court to consider the exceptions, have declined to proceed further and rested their rights upon the award. They did not do so, but after the ruling complained of they filed their petition and motion for judgment upon the award, and in which they alleged, among other things, that the defendant was estopped from questioning the award, he having voluntarily agreed to the arbitration and to abide by the award to be made by the arbitrators, and having received his share of the personal property as ,fixed in the award. The petition and motion partook of the nature of a supplemental petition. It was entitled in and was in effect a pleading in the original case. It says: "Comes now the plaintiffs in the above entitled cause, being an action brought for the dissolution of a copartnership theretofore existing between the plaintiffs and the defendant under the firm name of Waisner & Sons, the plaintiffs and defendant constituting said firm, and for an accounting, adjustment, determination, settlement and winding up the partnership affairs of said concern." The estoppel so plead was directed to the exceptions on file and the arbitration award and exceptions thereto were thus brought into the original case by the plaintiffs, and by thus petitioning the court to try issues so raised they submitted the matter to the jurisdiction of the court. Such being the case, it is unnecessary to determine when a submission to arbitration of matters in controversy in a suit pending operates as a discontinuance of the suit. The petition and motion, together with the exceptions, raised an issue of fact as well as of law, and the motion could not be granted except upon a hearing in the face of the defendant's objections and

exceptions and upon which he was entitled to be heard. The endorsement on the back of the agreement to submit the matters to arbitration is in effect to abide by the decision of the arbitrators, and its purport is to authorize any court to render judgment and issue execution thereon. This endorsement is not dated and it does not appear whether made and signed prior or subsequent to the decision of the arbitrators. It was made out of court and if the arbitration be deemed one under the rules of the common law the court had no authority upon a motion as against objection to enter judgment thereon. In *Ex parte* Dudley, 79 Ala., 187, a case in chancery, the parties pending the action without any order of court submitted their differences to arbitration. It was stipulated that the award should be the decision and decree of the chancery court. The award was filed and a motion was made to have it entered up as the judgment and decree of the court. This motion was contested by the defendants, who filed objections in writing to the award. Upon hearing the objections were sustained and the motion denied, and it was sought, notwithstanding such rulings, by proceedings in mandamus to compel the chancellor to enter up the award as the decree of the court. The court said: "A court has no authority to enter up as its judgment a common law award; unless by the consent of parties litigant solemnly given *in judicio*. A consent given out of court and afterward revoked will not do." In Childs' Executor v. Updyke, 9 O. St., 333, it is said: "The award rendered in such common law arbitrations has no judicial force. It operates neither as a judgment nor as the verdict of a jury." The filing of the objections and exceptions to the award was a revocation by the defendant of his agreement to abide the decision of the arbitrators and his consent that judgment should be entered upon the award. The revocation was on file and he was also present in court objecting to and opposing the motion. Such being the case, the court was without authority to grant the motion. The award having

been plead and brought into the original case the judgment, in the absence of the consent of the parties, would have to be based on a finding from the evidence upon the issues raised. The plaintiffs did not, however, treat it as an arbitration independent of the supervisory powers of the court. Their motion was for a confirmation of the award in addition to judgment thereon. If it was a common law award it needed no confirmation to give it validity. The jurisdiction to confirm implies also jurisdiction to inquire into and hear any valid objections to such confirmation. By their motion they invoked the power of the court in aid of the arbitration proceeding and sought to make it a rule of court and bring it within the provision of the statute, but even if all the provisions of the statute had been followed the court would still have had jurisdiction to consider the exceptions. Section 4078, Revised Statutes, provides that "If it be made to appear, on oath, at the term of the court at which the award and arbitration bond are filed that the award was obtained by fraud * * * the court may set aside the award, and the matters submitted shall be retained by the court for trial as upon appeal * * *." It is clear from the statute that in a statutory proceeding of this nature the award may be impeached upon a showing of fraud. It is not necessary that the fraud which will warrant the court to set aside the award should be shown to be intentional or perpetrated by the parties. A mistake though honestly made which would work a fraud on either party would be sufficient to vitiate the award. In Corrigan v. Rockefeller, 67 O. St., 354, the court said in construing statutes identical in terms: "The very purpose is to reach in a speedy and inexpensive way, a final disposition of the controversy between them, and to avoid future litigation concerning the same matters. It is in the furtherance of this purpose that, by the general rule, the award cannot be overturned by the dissatisfied party. And as the rule is that it cannot be impeached for error, nothing but fraud, in the parties or the arbitrators, or such manifest mistake

as naturally works a fraud, can be alleged to avoid it."
The same rule is announced in an earlier case by that court
in Ormsby v. Bakewell, 7 Ohio, 98. We are of the opinion
that the trial court had the jurisdiction to hear and pass
upon the exceptions and objections to the award regardless
of whether the award was brought into the case either as a
common-law or as a statutory one.

The court proceeded to try the issues and upon the trial
the plaintiffs as well as the defendant submitted evidence.
At the close of the evidence the bill of exceptions recites:
"It is hereby agreed between the parties to this suit that the
partnership heretofore existing between the parties is dis-
solved by decree of this court, and that the affairs of this
estate with reference to the real estate be wound up." This
was a stipulation or agreement made during the trial, in
open court, when the very question was the disposition of
the real estate owned by the partnership, a question which
was within the issues of the pleadings independent of any
arbitration, attempted arbitration, or award. Having so
stipulated, they will be deemed, if for any reason the court
should find that the terms of the award were inequitable
and unjust, to have waived their right to stand upon the
terms of the award and to have re-submitted the question
to the court. The court having by its decree dissolved the
partnership and settled all matters except as to the real
estate, the parties as shown by this stipulation placed them-
selves in the attitude of invoking the power of the court as
to the disposition of such real estate. Having done so the
plaintiffs are not in a position after having petitioned the
court in the original case to render judgment on the award,
appeared and introduced evidence at the hearing, and so
stipulated, to question the jurisdiction of the court to act
in the matter.

2. It is urged that the defendant was estopped both by
record and by conduct to deny the legality of the award.
It is true that he accepted his share of the personal property
and assumed his share of the indebtedness of the firm as

fixed by the arbitrators in the award, and in that respect the division appears to have been just and equitable upon the evidence, and the court so found, and all the parties complied with the terms of the award with reference to those matters. At the time the receiver was discharged, the parties were all present in court consenting thereto, and immediately thereafter and on the same day plaintiffs made their motion to strike the exceptions to the award from the files. These exceptions had been on file in the case for several months, having been filed March 9, 1905, and before the duties of the receiver had terminated as found by the order discharging him, and the plaintiffs must have had knowledge of them and their purport at the time they consented to the discharge of the receiver. They were then advised of the mistake complained of in the award, and which the court afterward, upon hearing, found to exist. The division of the real estate as fixed by the award was inequitable, unjust and would, if permitted to stand, work a fraud upon the defendant. It is uniformly held that one who accepts the fruits of an award cannot thereafter question its validity. This holding, however, by no means applies to awards as a whole which are divisible, for when so divisible each part is independent of the others and distinct in itself. The award in such cases is not void *in toto,* but void *protanto.* So it is held that if the void part of an award is divisible from the other part it will be upheld as to that part which is good. (3 Cyc., 713.) This rule applies in cases not alone when the bad part of an award is void *ab initio,* but also in cases where such portion is voidable. (3 Cyc., 715.) The consent to the discharge of the receiver and the approval of his report as to the division of the personal property and the assumption of the indebtedness pro rata by the individuals comprising the firm, the allegations of their petition that the real estate could not be equitably divided and that it was necessary to sell the same and divide the proceeds, the agreement and stipulation made in court "that the affairs of the estate with refer-

ence to the real estate be wound up," taken together, show that the plaintiffs elected to treat everything pertaining to the partnership affairs as closed except as to the real estate. Such being the theory upon which they presented the case, and the court having acted upon that theory, they are not now in a position to urge that the award was an entirety and not divisible. It may also be further said that the award being so divisible, and all the parties having acceded to and accepted the benefits and burdens of that part of the award with reference to all matters except as to the real estate, they are estopped from questioning its validity to that extent. The defendant was bound by the award to that extent, but was not estopped from questioning on the grounds alleged that part which was divisible and separate therefrom.

3. By the terms of the award "160 acres of deeded land known as the home ranch, with 280 acres adjoining home ranch and lying on the east and south of same. Also 160 acres of land to the north and adjoining home ranch, with all improvements on and under construction on desert claim, and homestead owned by J. A. Waisner," is the part of the real estate awarded to the plaintiffs. The arbitrators awarded "all improvements on his homestead and desert claim which may have been placed there by the firm of Waisner & Sons, also lease or school land of 320 acres lying on Powder River, near Arvada, and held at this time by Waisner & Sons. Also 40 acres of scrip land near home ranch which is in the name of J. A. Waisner." Neither the value nor kind of improvements placed on defendant's homestead are shown. The value of the improvements in such settlement would be a proper charge against his interest in favor of the firm. Such improvements constituted a part of the realty the title to which is not claimed to be in the firm and the indebtedness for such improvements was a part of the personal assets, and it must be assumed to have been taken into consideration by the arbitrators in the division of the personal property and the ap-

portionment of the indebtedness. This was evidently the view of the trial court, for it found and recited in the decree "That all the personalty of said firm has been equitably distributed among the said copartners."

4. The court found from the evidence "that the said award is void as to the awarding or disposition of the real estate and leases referred to therein; that all other matters determined in said award being separable from the portion of said award as to said real estate and leases is hereby affirmed; that the division of the property by the award except as to the said real estate and leases appears to have been equitable, but the arbitrators without authority considered real estate belonging to third persons not members of the firm of Waisner & Sons, and real estate not belonging to said firm which materially affected said award." It was shown by the evidence that the 40-acre tract was purchased by the defendant's wife, she having paid for it with her own money. She held the legal title and no evidence was introduced which would constitute her a trustee of the title either expressly or impliedly for the partnership or any member thereof. The evidence showed that it had been used by the partnership, but fails to show that it was so used in pursuance of any contract, nor was it in the name of defendant at the time of the award or at any time. It was selected and entered as scrip land on August 8, 1904, and her deed thereto bears date February 27, 1905. At the time the arbitrators had the matter before them for consideration the defendant was asked as to the value of this land in connection with the business of the firm, but he made no statement that it belonged to the firm. Upon the evidence a mistake through no fault of the defendant was committed by the arbitrators which if permitted to stand would work a fraud upon him. He was entitled to his share of the partnership real estate and the arbitrators had no authority to consider or subject any not so owned by the partnership to the arbitration. The evidence supports the finding and the award being divisible the court properly set aside so much

thereof as attempted to divide the real estate between the parties. (Ormsby v. Birkwell and Corrigan v. Rockefeller, *supra.*)

5. The decree finds that certain real estate described therein belonged to the partnership, directs that it be sold and the proceeds, after deducting expenses of sale, be divided equally between the parties; and the court commissioner is directed to have the same appraised, make sale thereof as upon execution and make return of such sale within 90 days from the date of the order. As there was no controversy in the pleadings as to the necessity of a sale of the real estate, the plaintiffs in error cannot be heard to complain of this part of the decree.

6. It is urged that the court erroneously omitted from the decree certain real estate aside from the 40 acres already referred to that should be considered as partnership property. No mention is made in the decree of the land embraced in defendant's desert and homestead entries.

These entries were by virtue of filings made by the defendant under the land laws of the United States, and it does not appear that at the time of the trial any final proof had been made upon the tracts of land embraced in the entries or either of them. Defendant's title was inchoate and in so far as the homestead is concerned he had no title which he could convey. His original homestead entry amounted to nothing more than a declaration of intention, and while he thereby obtained an inchoate title he did not acquire any vested right against the government or any ownership in the land. (26 A. & E. Ency. of Law, 254, and cases there cited.) It is urged that impliedly the entries were for and inured to the benefit of the firm and should, therefore, be deemed and considered assets of the firm. An express agreement, and, of course, an implied one, to that effect with reference to the homestead would be void as against public policy. (26 A. & E. Ency. Law, 410 and 416, and cases there cited.) There is no showing that the law is different with reference to obtaining title to the land embraced in the

desert entry. Aside from this legal phase of the question the defendant testified that these lands were not partnership lands, and that they were not included in the agreement of submission to arbitration and the plaintiffs offered no evidence in opposition thereto, nor did they allege in their petition that the lands embraced in these filings were owned by the firm, but rested that question so far as they were concerned upon the fact that the land had been used by the partnership during its existence. This we think was not sufficient. The defendant could not legally convey title to the land. It could not, therefore, be considered as partnership assets, though it may have been used in connection with the firm business. The right to its use was permissive and terminated with the partnership.

The judgment will be affirmed and the case remanded with directions to the District Court of Sheridan County to make any further order necessary to carry the decree into effect.    *Affirmed.*

POTTER, C. J., and BEARD, J., concur.