# EX PARTE BOTTOMS.

[APPLICATION FOR MANDAMUS.]

1. *Mandamus; when will not be granted.*—After the circuit court has heard a motion to quash an attachment, and to strike the same from the docket, because the affidavit does not disclose any cause of action, or a cause of action, for which an attachment is authorized to be issued, and also because the action is discontinued, and after argument, &c., overrules the motion and enters judgment accordingly, a mandamus will not be issued to compel said court to grant said motion—the remedy, for any error of the court in overruling the motion, is by appeal, after final judgment, and not by mandamus.

This was an application to this court by the petitioner, Burrell Bottoms, for a mandamus or other appropriate writ to compel the circuit court of Barbour, Hon. J. McCaleb Wiley, judge presiding, to grant a motion made in that court and overruled, to quash the attachment issued in the cause of *Russell v. Bottoms*, and to strike the cause from the docket, on the ground that the action had been discontinued, and because the affidavit for attachment did not disclose any cause of action for which an attachment could lawfully issue.

From the bill of exceptions it appears that Russell made two affidavits for the issuance of the attachment, both on the same day, to-wit: the 18th day of November, 1865, and the second being referred to in the first as a special affidavit, and before the attachment issued. This last affidavit states in substance, that Burrell Bottom is justly indebted to him, &c., in the sum of $600, as damages for breach of two contracts, as follows: that on 21st day of January, 1865, said Russell purchased of Bottoms 5,000 lbs. of seed cotton and paid Bottoms therefor $650, and in consideration of said payment Bottoms executed a written agreement acknowledging the sale and payment and his obligation to deliver said cotton to Russell at any time between 21st January, 1865, and the 25th of December, 1865, and has refused to deliver any of said cotton or any part thereof, but has fraudulently disposed of the same. Then follows the same allegation as to a similar contract, purchase and payment for 5,250 lbs. of seed cotton to be delivered on the 25th of December, 1864, of which 5,196 lbs. have been delivered, and that said Bottoms refused, after demand, to deliver the balance of the cotton, 54 lbs., but sold it to these persons, and has fraudulently disposed of the same. Then the affidavit goes on to state—"and the said Wm. M. Russell avers that by the breach of the two agreements before stated and the fraudulent disposition of said cotton, he is damaged to said sum of $600." The affidavit contained the usual requirements of the statutes, that the attachment was not sued out for the purpose of harrassing or vexing the defendant, &c.

This attachment was levied on certain personal property of Bottoms, on the 20th of November, 1865, at which date the cause was entered on the appearance docket of the spring term 1866, when John Bottoms interposed a claim, &c., which was duly returned and entered on the appearance docket of the spring term 1866. And neither were entered on any other docket until the spring term 1866, and the only entry then upon any of the dockets was upon the trial docket, as follows:

"William M. Russell

10624.       vs.

Burrell Bottoms, def't.

      John Bottoms, claimant."

This entry was continued in the same number and carried forward on the trial docket for every term thereafter until the January term 1868, when there was a trial of the right of property and a verdict for claimant, which was set aside and a new trial granted. These proceedings were entered in short form by the judge opposite the entry on the docket. Up to that time no complaint had been filed and no other entry made on the minutes or on any docket of the court, except as above stated, and no judgment had been obtained against either said Burrell or said John Bottoms. At the fall term 1870, the motion of the defendant theretofore regularly made and continued to quash said attachment and repudiate the cause and to strike the same from the docket for the reasons already mentioned, came on to be heard and was overruled, and defendant excepted. The defendant, Burrell Bottoms, then moved the court to dismiss the cause, because no complaint had been filed in the case either before or after the return of said attachment. On motion of plaintiff, leave was then given him to file a complaint, and thereupon the court overruled the motion to dismiss the cause, and Bottoms excepted.

SAMUEL F. RICE and JERE. N. WILLIAMS, *pro motion.*— Whenever there is a wrongful refusal of a circuit court to dismiss a suit, mandamus is the remedy, unless and until final judgment has been rendered therein. After final

judgment, appeal or writ of error is the remedy; and mandamus is not, because "the final judgment in the suit can not be reversed by mandamus, nor on an application for mandamus." This is fully settled by this court and by the supreme court of the United States.—*Steamboat Empire v. Alabama Coal Mining Company*, 29 Ala. Rep. 698; *Gordon v. Langest*, 16 Peters, 97.

If, before final judgment, mandamus will lie for the refusal of the circuit court to dismiss a suit for want of security for costs, *a fortiori*, mandamus will lie for the refusal of such court to dismiss a suit for want of jurisdiction, or for any other legal cause of dismissal. If the law were otherwise, there would be great oppression to private suitors as well as great detriment to the public in the accumulation of costs aad expenses, and in the consumption of the time of the courts and jurors and people.

By section 5 of article 6 of our State constitution, the circuit court has jurisdiction "in civil cases *only*, when the matter or sum in controversy exceeds fifty dollars." An original attachment is unknown to the common law, and the mere creature of our statute. The statute (Revised Code, § 2927) does not authorize or permit such attachment before the maturity of the demand, but "in one class of cases"; and that is when it is sued out "to enforce the collection of a debt. In all other cases, a right of action must have accrued, by the terms of the contract, or the nature of the transaction itself, before the right to an attachment to enforce any demand arising therefrom, can exist." *Bozeman v. Rose*, 40 Ala. R. 217, 218.

In defiance and contempt of this provision of the constitution and of this clear law, the attachment here complained of was issued to enforce a demand, not for "a debt," but for damages claimed to result from the breach of two contracts to deliver cotton; it was issued before there was any breach of one of the contracts, and at a time when only about five dollars worth of the cotton embraced by the other contract remained undelivered or due. These facts are shown in plaintiffs own affidavits, which refer to each other and must be construed together and as one. And

as these facts thus are admitted by plaintiffs, no plea was necessary to re-assert them ; but the motion to quash and dismiss was proper.—*McLeod v. Reid & Co.*, 20 Ala. R. 576.

SHORTER, SEALS & COCHRAN, *contra.*

PECK, C. J.—In the case of *Ex Parte* Robins, 29th Ala. 71, it is decided that a suit commenced by attachment, by a non-resident, is within the statute, Revised Code, § 2802, which requires security for the costs to "be endorsed on the complaint, or lodged with the clerk, previous to the issue of the summons,"—and the same case decides that, "if the circuit court refuses, *on motion*, to dismiss a suit brought by a non-resident, without first giving security for the costs, mandamus lies to compel its dismissal."

We apprehend that decision would not have been made if the statute had not declared, that a suit commenced by a non-resident, without giving security for the costs, *must be dismissed on motion.*"

The statute provides how the suit is to be dismissed, to-wit: *by motion.* The defendant, therefore, is entitled to have it disposed of in that way. The defendant need not plead the matter in abatement, or if his motion to dismiss is overruled, wait to have the error corrected, after final judgment, as we think he would have to do if the statute did not expressly require the suit to be dismissed on motion. The statute providing not only what judgment shall be rendered, but also how it shall be rendered, to-wit : on motion, the defendant is entitled to the benefit of the statute in the way provided, and if it is denied in that way we know of no adequate remedy but mandamus. If he should be compelled to wait till final judgment, and then seek a remedy by appeal, he would not only be delayed in his remedy, but would altogether be denied the remedy given by the statute.

Ordinarily, a judicial error cannot be corrected by writ of mandamus. That writ is the appropriate writ to compel subordinate courts to proceed and determine causes before them, but it does lie to compel a judicial tribunal to render

any particular judgment or to set aside a decision already made.—*Ex parte* Koon *et al.*, 1 Denio, 644; Moses on Mandamus, 36.

The original proceedings upon which this application is based, were commenced by an attachment in favor of W. M. Russell against Burrell Bottoms, issued by a circuit judge on the first day of November, 1865, returnable to his court, and two days afterwards was levied on the property of the defendant, Burrell Bottoms, the petitioner in this behalf. Five years afterwards, at the fall term of the circuit court, 1870, the bill of exceptions taken in that case, states that the motion of the defendant, theretofore regularly made and continued, to quash said attachment and repudiate the cause, and to strike the same from the docket for want of jurisdiction in the court of the cause, apparent on the face of the affidavits and attachment, and because said cause was discontinued, even if the court had jurisdiction of it, came on to be heard, and after argument by the parties the court overruled said motion and the defendant excepted, &c. After said motion was thus overruled, said Burrell Bottoms, on his petition, applied to this court at the last term for a mandamus to compel said circuit court to grant said motion to quash said attachment and to repudiate said cause and to strike the same from the docket, &c.

If it be conceded that said judgment overruling said motion is erroneous, the error cannot be corrected by the writ of mandamus; the remedy is by appeal, after final judgment in the cause. In denying a mandamus it is not necessary to decide whether the motion should or should not have been granted, or whether the facts stated in the affidavits disclose any cause of action, or if they do, that it is such a cause of action as authorized the process of attachment; but, it seems to us, the affidavits, although very inartificially drawn, if true, show not only a good cause of action, but a good cause for the attachment. They state that the plaintiff in the attachment, had bought certain cotton of the defendant, the petitioner, and at the time of the purchase paid him the price in money, and by the agreement of the parties the vendor was to deliver the

cotton by a certain future day, and that before that day he sold the cotton to a third person. This conduct of the vendor authorized the vendee to rescind the contract and treat the same as at an end, and to sue presently to recover back the money. He was not obliged to wait until the day the cotton was by the agreement to be delivered.—2 Parsons on Contracts, 666–67 and note c. Said affidavits also state that said Burrell Bottoms had fraudulently disposed of his property, and that an attachment was not sued out for the purpose of vexing or harrassing said Burrell Bottoms, &c. These statements we think clearly entitled the vendee to the aid of an attachment. If the said affidavits are defective in form, § 2990 of the Revised Code permits their amendment. For these reasons the application for a mandamus must be denied, at petitioner's cost.