## *Ex parte* Hendree *et al.*

*Application for Mandamus to Circuit Court to compel Restoration of Cause improperly dismissed.*

*When mandamus or appeal lies.* — An appeal, and not a *mandamus*, is the proper remedy to reverse a judgment of the Circuit Court, improperly dismissing a cause on account of the plaintiff's failure to pay the costs, pursuant to the terms of an order of continuance made at a former term.

APPLICATION by Scott Hendree and Morris Graham for a *mandamus*, or other remedial writ, to the Circuit Court of Dallas (Hon. M. J. SAFFOLD presiding), to compel that court to

set aside a judgment rendered at its October Term, 1872, dismissing a suit brought by said petitioners against John B. Phillips, and to restore the said cause to the trial docket. The transcript of the proceedings in said cause, which is made a part of the petition, shows that, at the April Term of said court, 1872, the following judgment was rendered in the cause: " On motion of the plaintiffs, this cause is continued, on payment of the costs, as a condition precedent, by the next term of the court, or the cause shall be dismissed. It is therefore considered by the court, that the defendant recover of the plaintiffs the costs in this behalf expended, for which execution may issue." At the next term of the court, as the bill of exceptions shows, when the cause was called for trial, the presiding judge inquired of the clerk whether the costs had been paid, pursuant to the order of the former term, and was told that they had not been paid. " Thereupon, the plaintiffs asked to explain why the costs had not been paid, and offered to pay them then, and to proceed with the trial; which the court refused, and dismissed the said cause out of court, and rendered judgment for the costs in favor of the defendant, and against the plaintiffs; to all which rulings and decisions the plaintiffs excepted." The judgment is in these words: " Came the parties, by their attorneys; and the plaintiffs having failed to comply with the requirements of the terms for an order of continuance at last term, it is ordered, that this suit be dismissed, and that the defendant go hence, and recover of the plaintiffs the costs in this behalf expended, for which execution may issue."

JNO. T. HEFLIN, for the motion.

BRICKELL, J. — The judgment of which the petitioners complain is final, and, if erroneous, would support an appeal. Such a judgment cannot be reversed or corrected by *mandamus*. *Steamboat Empire* v. *Alabama Coal Mining Co.* 29 Ala. 698; *Ex parte Buttons*, 46 Ala. 312; *Ex parte Jones*, 1 Ala. 15; *Ex parte Hoyt*, 13 Peters 279; *Bank of Columbia* v. *Sweeny*, 1 Peters, 567. *Mandamus* is a proper remedy only where there is a specific legal right, and there is not a specific legal remedy adequate to the enforcement of the right. It is generally a sufficient answer to an application for the writ that there is another specific and adequate remedy. *Ex parte Jones, supra.* There is no decision of this court, and no principle of the common law, which would warrant us in granting this motion. It is neither more nor less than an application to reverse a judgment of the Circuit Court, in a matter of which it had jurisdiction, and in the absence of the party in whose favor the judgment was rendered. If the judgment is erroneous, to the

[Stein *v.* Mayor, etc., of Mobile.]

prejudice of the petitioners, it can be corrected or reversed on appeal, and that remedy must be pursued.

The application is refused, with costs.