# Dudley *v.* Farris & McCurdy.

# *Ex parte* Dudley.

*Arbitration of Pending Suit; Mandamus to Chancellor, in matter of Award; Motion to Dismiss Appeal.*

1. *When appeal lies.*—An appeal is given by statute (Code, § 3547) from a judgment setting aside an award, or entering it up as the judgment or decree of the court; but not from the refusal of the chancellor to enter up the award as the decree of the court, which is merely an interlocutory order.

[Dudley v. Farris & McCurdy.—*Ex parte* Dudley.]

2.  *When mandamus lies.*—If the chancellor improperly refuses to enter up an award as the judgment and decree of the court, a *mandamus* is the only adequate and appropriate remedy to revise his action.

3.  *Entering award as judgment of court.*—When an award is rendered in substantial conformity with the statutory provisions authorizing the submission of pending suits to arbitration, and is not performed within the time specified, it is the duty of the judge or chancellor to enter it up on motion, as the judgment or decree of the court (Code, § 3537); but the statute does not apply to a common-law award, which can only be entered up as a judgment on consent of parties given *in judicio*.

4.  *Submission without order of court.*—A submission of the matters in controversy in a pending suit to arbitration, without an order of court, is not a statutory arbitration; nor can the award be entered up as the judgment of the court, against the objection of one of the parties.

5.  *Appointment and substitution of arbitrators.*—When only one of the persons originally named as arbitrators acts, and the appointment of the others as substitutes is not made by him by memorandum entered on the submission, nor by the parties themselves in writing, the proceedings do not conform to statutory requisitions (Code, § 3540); and the award can not be entered up as the judgment of the court, except by consent.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. JOHN A. FOSTER.

These two cases are branches of the case which was before this court at its last term.— *Farris & McCurdy v. Dudley,* 78 Ala. 124. The original bill was filed by Joseph R. Dudley, and sought to abate, as a nuisance, an embankment, or levee, which Farris & McCurdy had erected on their own lands, on the east side of Big Swamp creek, and by which, as the complainant alleged, the waters of the creek were accumulated, in times of heavy rains, and thrown in increased volume upon his lands on the other side of the creek; and the bill also prayed an inquiry and account of the permanent damages which the complainant had sustained. After the reversal and remandment of the cause, as shown by the former report, the matters in controversy were, by consent, submitted to arbitration; the agreement being reduced to writing, and signed by the parties, but without any order of court. In the agreement it was stated, that E. G. Maull and S. A. Satterwhite were selected as arbitrators by the parties, and that that said two arbitrators selected T. P. Cory as the third; and it was further stipulated, that the award " shall be the decision and decree of the said Chancery Court." The agreement was dated October 7th, 1885, and an award was made, dated November 7th, 1885, which was signed by E. G. Maull, L. A. Collier and J. G. Gilchrist, as arbitrators. In this award, as reduced to writing and signed, the change or substitution of arbitrators is thus stated: " S. A. Satterwhite declining to act, J. G. Gilchrist was substituted in his place; and, at the suggestion of Farris & McCurdy, T. P. Cory was dropped, and L. A. Collier was selected by J. G.

[Dudley v. Farris & McCurdy.—*Ex parte* Dudley.]

Gilchrist as the third arbitrator, all parties having consented to the same." By the terms of the award, $5,000 as damages were awarded to Dudley, to be paid by Farris & McCurdy; and it was further awarded, that Dudley should convey to them a certain part of his lands, for which Farris & McCurdy should pay him $15 per acre. The award being filed with the register, the complainant moved, at the ensuing March term of the court, to have it entered up as the judgment and decree of the court. The defendants contested this motion, and filed several objections in writing to the award; contending, among other things, that it was not a statutory submission, because it was made without an order of court, and because the substituted arbitrators were not selected or appointed as required by the statute. The chancellor sustained the objections, and refused to enter up the award as the decree of the court. From this refusal the complainant sued out an appeal, and here assigned the same as error; and he also filed in this court a petition for a *mandamus*, to compel the chancellor to enter up the award as the decree of the Chancery Court. A motion to dismiss the appeal was submitted by the appellees, and the motion and petition were submitted together.

WATTS & SON, and G. COOK, for the appellant and petitioner.

W. L. BRAGG, and W. C. GRIFFIN, *contra.*

SOMERVILLE, J.—The motion to dismiss the appeal, in the first of these causes, which appeal was taken from the action of the chancellor refusing to enter up the award of the arbitrators, as the decree or judgment of the Chancery Court, must be sustained. The refusal of the chancellor to enter this award is not a final, but an interlocutory judgment, and is not revisable in this court. The statute allows an appeal only from the judgment or decree entered up by the court on the award, or from the judgment setting aside the award. The present case does not fall within either of these categories. Code, 1876, § 3547; *Collins v. Louisville & Nashville R. R. Co.*, 70 Ala. 533.

We proceed to consider the merits of the second cause, which is an application for the writ of *mandamus*, to compel the chancellor to enter up the award of the arbitrators as the judgment of the Chancery Court. And we assume that, in a proper case of this character, *mandamus* would lie, as the only adequate and appropriate remedy of the petitioner.

There are two kinds of arbitrations and awards recognized as of force in this State —the one authorized and regulated by statute, and the other governed by the rules of the common

law. In many respects, they are essentially different; in others, closely analogous. These points we will not stop to discuss, except in one particular. It is only an award which is made in substantial compliance with the provisions of the statute, or a statutory award, which the law makes it compulsory on a judge or chancellor to enter up as the judgment of the proper court, if the award is not performed within a specified time.—Code, § 3537. A court has no authority to enter up as its judgment a common-law award, unless by the consent of parties litigant solemnly given *in judicio*. A consent given out of court, and afterwards revoked, will not do. This is not a consent judgment, in any proper sense of the term.

The question, then, presented for decision here, is, whether the present award has been rendered in substantial compliance with the provisions of the Code establishing a regular system of statutory arbitrations, or minor courts of liberal powers and jurisdiction, by which parties are authorized to submit all their controversies for decisions to judges of their own choosing. Code, 1876, §§ 3536–3550.

There are two sufficient reasons, if not more, why this award is defective, as failing to comply with the requirements of the statute.

The first is, that a suit was pending at the time of the submission, involving the matters of controversy submitted to the arbitrators, and no order of court was made authorizing the submission. This, the statute, in our opinion, clearly contemplates and requires. When a suit is pending as to any controversy, a submission under the statute can be had only by an order of the court, which has assumed jurisdiction of the cause, authorizing such submission. This can be done on motion of the parties, and the granting of the order is mandatory on the court. The order, however, does not operate to discontinue the cause, but it remains on the docket in abeyance only, and is subject to continuance and future control by the court at any subsequent term, if the submission is not executed with reasonable diligence.—*Shelby Iron Co. v. Cobb*, 55 Ala. 336; Code, 1876, § 3536. It is only in cases where no suit is pending, that a statutory arbitration can be made by the mere consent of parties, and without an order of court.—Code, 1876, § 3537. The language of the statute on this subject is clear, and there is good reason in requiring of parties litigant, who have invoked the jurisdiction of a court to settle their disputes, to request an order of reference before submitting their cause to the arbitrament of another tribunal; for it is only where an agreement to arbitrate is made under a rule of court, that its violation or disobedience is subject to attachment for a contempt.—2 Greenl. Ev. § 69; *Simpson v. McBee*, 3 Dev. (N.

[Dudley v. Farris & McCurdy.—*Ex parte* Dudley.]

C.), 531. This does not abridge the right of the parties to settle their law-suits in their own way ; for they can submit matters involved in pending suits to arbitrament, without any rule or consent of court, now as they could at common law. Code, 1876, § 3548. What effect the submission of a cause, in a mode not conforming to the statute, would have upon the pendency of it, by way of discontinuance or otherwise, has been variously decided by the courts, and no occasion is presented for us to consider this question at this time.—Morse on Arbitration & Award, 73–78.

The second defect in the proceedings, in which they fail to follow the statute, is as to the mode of appointing the arbitrators who acted in rendering the award. In every statutory arbitration, the submission must be in writing, signed by the parties, concisely stating the matter in dispute between them, and that they desire to leave the determination of such controversy to certain persons, who are named specifically as the chosen arbitrators.—Code, 1876, § 3538. If any of the arbitrators fail to attend at the time and place designated, the parties are authorized, if they appear, "to substitute others in their place."—Code, § 3540. This clearly means to designate others in writing, signed as was the original submission. So, if the parties can not agree, the arbitrators present may themselves appoint others in their stead, of which they " must make a memorandum on the submission."—Code, § 3540. But one of the three original arbitrators, who were named in writing, acted in the cause. The other two, who did act, were appointed by substitution ; and it was neither done by the parties themselves in writing, nor by the arbitrators in the mode prescribed by section 3540 of the Code, which is by " a memorandum on the submission."

Our conclusion is, that the award was not a statutory, but a common-law award, and that the chancellor had no authority to enter it as a judgment of the court, against the objection of the parties. The chancellor so decided, and his decree is free from error.

The application for the writ of *mandamus* is refused.