# Bell *v.* Sampey.

## *Ex parte* James M. Bell.

### *Motion to Enter Up an Award.*

### *Application for Mandamus.*

1. *Award without order of court ; no appeal from.*—An award made by arbitrators in a cause pending in the Circuit Court, without an order of said court, will not be entered as the judgment of the court; and an appeal from the action of the judge, in refusing to enter it as such, is unauthorized by the statute, and will not lie.

2. *Mandamus* refused on the authority of *Ex parte Dudley,* 79 Ala. 187.

APPEAL from the Circuit Court of Chilton.

Tried before Hon. JAMES E. COBB.

James M. Bell brought suit at the October term, 1885, of Chilton Circuit Court, against J. L. Sampey for damages, and while said cause was pending in said court, the parties entered into a written agreement to leave the matters in controversy between them to certain named persons, whose decision should be entered as the judgment of the Circuit Court in the cause.

The arbitrators having awarded damages to Bell, without any rule or order of court authorizing the submission to arbitration, the Circuit Court refused, upon motion, to enter said award as its judgment. To this action of the court Bell excepted, and assigns the same as error.

*Mandamus* was then applied for, and denied.

W. E. JOHNSTON, and WATTS & SON, for appellant.

WM. F. COLLIER, for appellee.

SOMERVILLE, J.—The first of these cases is an appeal taken from the action of the circuit judge refusing to enter the award of the arbitrators as the judgment of the Circuit Court. Such an appeal is unauthorized by the statute and will not lie, and the motion to dismiss it must be sustained on the authority of *Dudley v. Farris & McCurdy*, where the precise question arose and was decided at the present term.—Code, 1876, § 3547;

[Patton et als. v. Pitts et als.]

*Collins v. L. & N. R. R. Co* , 70 Ala. 533; *Dudley v. Farris & McCurdy*, 79 Ala. 189.

The *mandamus* applied for in the second of the above causes must also be refused upon the authority of *Ex parte Dudley*, 79 Ala. 187, present term. We there held, that a submission to arbitration of matters involved in a pending suit, without any order or rule of court authorizing it, was not a statutory award. In the same case we decided that the court had no authority to enter up as its judgment a common law award, or any other than an award rendered in substantial compliance with the provisions of the statute, unless by solemn consent of the parties given in open court. A consent given out of court, and revoked before the entry of the consent-judgment based on it, will not answer the purpose.

The appeal in the first case is dismissed. The application for *mandamus* in the second case is denied.