(132 So. 437)

## JENKINS v. STATE ex rel. WHITE.

### 6 Div. 893.

Court of Appeals of Alabama.

Feb. 10, 1931.

Wilkinson & Burton and Frank A. Wilkinson, all of Birmingham, for appellant.

J. R. Montgomery and Roy H. Manly, both of Birmingham, for appellee.

**SAMFORD, J.**

The petition, which was sworn to, was as follows:

"Comes the petitioner·and shows unto the Court the following facts, to-wit:

"1. That she is over the age of 21 years and is a resident of the State of Alabama, Jefferson County.

"2. That on to-wit the 10th day of March, 1930, one, Wm. R. McMurran obtained a default judgment against the White Transfer & Storage.Company, Inc., a corporation, in the sum of $100.00, in the First Division of the Municipal Court of Birmingham, Alabama, case number 63276.

"3. That on to-wit: April 18, 1930, a garnishment on said judgment was issued to Woodlawn American National Bank, as Garnishee.

"4. That subsequent thereto, on the 22nd day of April, 1930, the Woodlawn American National Bank answered that they were not indebted to the defendant, but that they did have some funds on hand in the name of Ethel M. White, and on May 2, 1930, the garnishee appeared in open Court, filed an amended answer to the garnishment, paid $122.98 into Court, which money was in the name of Ethel M. White, and suggested Mrs. Ethel M. White as claimant.

"5. On the 7th day of May, 1930, Mrs. Ethel M. White appeared in Court and claimed this sum of money as her own, but after hearing all the evidence in the case, Hon. C. W. Hickman, Judge of the First Division of the Municipal Court of Birmingham, entered the following order and decree, to-wit:

"5730. Upon the issuance service of a writ of garnishment served on Woodlawn American National Bank by the plaintiff, attaching the bank account of defendant White Transfer & Storage Company, a corporation and Ethel M. White doing business in said bank as White Transfer & Storage Company, a corporation, and upon the payment into Court by the said bank of $122.98. and suggesting Ethel M. White as claimant and upon due notice being served on said Ethel M. White as claimant, issue was made up between the plaintiff and Ethel M. White, claiming said money and upon the consideration of all the evidence by the Court, it is the opinion of the Court that said money so deposited into Court is the money of the White Transfer and Storage Company, a corporation, and subject to the writ of garnishment. It is therefore ordered, adjudged and decreed that plaintiff have and recover of the claimant Ethel M. White the sum of $100.00 and costs of the Court in this behalf expended and it is further adjudged that the said sum of money paid into Court by the garnishee, to-wit: the sum of $122.98 be and the same is hereby condemned to the satisfaction of the said judgment and costs.

"C. W. Hickman, Judge.

"6. Petitioner avers that she has no adequate remedy at law, and further that said judgment is void, or that the same if not void, is such a violation of judicial discretion that it should be corrected by this tribunal, and petitioner further avers that she is about to be deprived of her property without due process of law.

"Premises considered, your petitioner prays that a writ be directed to the Honorable C. W. Hickman, as Judge of the First Division of the Municipal Court of Birmingham, Alabama, directing him to appear before this Court at a time certain, then and there to show cause why an alternative writ of Mandamus should not issue directing him to cancel, annul and set aside that certain judgment and decree entered by him as set out in paragraph 5 above, and further.

"That the said sum of money now impounded in said Court, in the sum of $122.98 be held to be the personal property of the said Ethel M. White and that the same be restored to her forthwith, and

"Your petitioner prays for such other, further and general relief as in Equity and Good conscience she may show herself entitled to.

"J. R. Montgomery,
Attorney for Petitioner."

The petition was demurred to, raising questions hereinafter considered, the demurrer was overruled, and cause was then heard and determined on the sworn petition, and judgment or order rendered thereon.

█ The writ of mandamus will not lie where there is a plain and adequate remedy available, or where the party has a remedy by appeal or writ of error. 9 Mitchies Enc. Digest 774, par. 4(1).

█ The petition shows on its face that the garnishment issued to the Woodlawn National Bank attached the funds or account of White Transfer & Storage Company and Ethel M. White, this petitioner. It further shows that Ethel M. White was suggested as claimant, and, upon due notice served upon her, she voluntarily came into court and litigated the claim. If there were any irregularities or errors in that proceeding, the remedy was by appeal or certiorari. If petitioner lost this right by a failure to pursue the remedy given, she is not now entitled to mandamus to compel an annulment of the judgment. 38 Corpus Juris, 567–568.

█ The judgment of the municipal court was not void. It had jurisdiction of the sub-

ject-matter of the suit. The petitioner voluntarily came in and litigated the whole question and is bound by the judgment rendered, except to have a review in the manner prescribed by law. The case of Saunders' Adm'r v. Garrett, 33 Ala. 454, presents an entirely different question.

The trial court was in error in overruling respondent's demurrer, and in rendering judgment for petitioner.

The judgment or order granting the writ is reversed and the cause is remanded.

Reversed and remanded.