65 So.2d 199

### INGALLS v. INGALLS.
### 6 Div. 370.

Supreme Court of Alabama.
April 2, 1953.

Rehearing Denied May 28, 1953.

Chas. W. Greer, Birmingham, for appellant.

Beddow & Jones, Birmingham, for appellee.

PER CURIAM.

Appellant advises us that he has attempted to appeal from a decree dated October 23, 1951, in which the circuit court in equity decreed for the payment to complainant by the respondent of the sum of $15,000 for complainant's solicitors of record for services rendered in a supplementary proceeding begun by respondent to modify a decree dated June 27, 1947, whereby a divorce was granted at the suit of complainant and provision made for the custody and support of the children by the respondent.

A petition was filed in the trial court on November 1, 1951, to set aside the decree of October 23, 1951. The decree is there referred to as being dated September 23, 1951. But we think there is enough internal evidence to show the date was an error and intended to be that of October 23, 1951. This petition was set down for hearing on November 16, 1951. There was a decree rendered by the court dated December 7, 1951, denying said petition or motion. An appeal bond was filed and approved on behalf of respondent on December 10, 1951.

It recites that the appeal is from a decree rendered on the 7th day of December, 1951.

Appellee has made a motion to dismiss the appeal because the decree of December December 7, 1951 is not appealable. Certain proceedings have been had with reference to a contention that the date of December 7, 1951, was inserted by mistake in the appeal bond, and that it was intended to have been the decree dated October 23, 1951. We need not refer again to that proceeding, since it did not serve the purpose sought. So far as here involved, the appeal is in terms and effect from the decree of December 7, 1951.

We will here refer to some of the proceedings had in the trial court leading up to the time of the appeal. On November 7, 1950, Robert I. Ingalls, Jr. (here called the respondent) filed in the circuit court, in equity, of Jefferson County, a petition to modify a former decree of that court rendered on June 27, 1947, whereby his wife Eleanor (here called the complainant) obtained a divorce, and in which decree the custody of the children was awarded to the respondent for nine months and to complainant for three months. This decree made provision for payment to complainant for the support of the children while in her custody. The petition sought a modification in both respects, and is that referred to first above. On December 4, 1950, Mrs. Ingalls filed a cross bill or cross petition also seeking a modification of that decree.

On August 29, 1951, a petition was filed on behalf of Mrs. Ingalls praying for an order requiring Robert I. Ingalls, Jr., to pay a reasonable solicitors' fee incurred in respect to the two petitions to modify. This latter petition was amended on September 12, 1951. After much procedure on the petitions to modify, both petitioner and cross petitioner made it known that they wished to dismiss both petitions. The petitions were dismissed with a reservation in the decree of consideration and action upon the petition for attorneys' fee to be allowed Mrs. Ingalls. Consideration of that petition was heard and action had upon it on October 23, 1951.

Appellant, in brief filed November 25, 1952, states that the petition "was in the nature of a motion for a new trial under Rule 62," and admits that the decree denying it is not appealable, citing Chandler v. Price, 244 Ala. 667, 15 So.2d 462. But it is not clear from that case that the motion is governed by Equity Rule 62, Code 1940, Tit. 7 Appendix. If it is a motion to set aside a decree because it is void, it is not under Equity Rule 62, and a decree denying it is a final decree and appealable. Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116. We take the brief to concede that the decree of December 7th is not appealable. To that effect is also the brief filed November 11, 1952, wherein it is said: "Appellant agrees that in the event the Supreme Court determines that the decree of the lower court cannot be reviewed by appellant's petition in the alternative for a review by mandamus, that the decree of the lower court should be affirmed." But the decree of October 23, 1951, is a final decree and is reviewable by appeal for error in its rendition. But no appeal was taken from it. It results that the appeal is dismissed on the admission of appellant.

Anticipating such event, appellant has filed a motion in this Court, in the alternative for a mandamus directed to the judge of the circuit court who acted in this cause, to vacate the decree of October 23, 1951, "for that the same is grounded in error or reflects a gross abuse of judicial discretion, all as appears from said transcript and record of the proceedings had and done in this court in connection therewith, and particularly from assignments of error therein, all of which are here adopted and made part of this motion as though therein set out. If movant is mistaken in the relief prayed for he prays that this court will award him such relief to which he may be entitled in the premises under the facts of said proceeding and the law applicable thereof."

The effect of the motion is by that method an effort to review the decree of October 23, 1951 for error in its rendition. That relief is only available by appeal when an appeal will lie. No appeal was taken from that decree, but it would lie if taken in due time unless it is void. On the motion for mandamus, we cannot determine wheth-

er that decree is void for want of jurisdiction of the court to render it because the motion does not allege that the decree is void nor seek relief on that ground.

The foregoing opinion was prepared by FOSTER, Supernumerary Judge of this Court while serving on it at the request of the CHIEF JUSTICE, under authority of Title 13, section 32, Code, and it was adopted by the Court as its opinion.

The appeal is dismissed and the motion for mandamus is denied.

All the Justices concur.