94 So.2d 752

**Dannette VAN**

v.

**Allen PARKER, Jr.**

6 Div. 55.

Supreme Court of Alabama.

March 7, 1957.

Rehearing Denied May 9, 1957.

Lipscomb, Brobston, Jones & Brobston and Jerry Stapp, Bessemer, for appellant.

Jackson, Rives, Pettus & Peterson, Birmingham, for appellee.

LAWSON, Justice.

Allen Parker died intestate in Jefferson County on or about the 24th day of April, 1951. The administration of his estate was removed from the probate court of Jefferson County, Bessemer Division, to the Bessemer Division of the circuit court of that county, in equity.

Among the issues there presented were the following: Was the name of the deceased Allen Parker or Allen Parker, Jr.? Was his son legitimate or illegitimate? The trial court found that the name of the deceased was Allen Parker and not Allen Parker, Jr.; that the son of the deceased was named Allen Parker, Jr., and that he was illegitimate and therefore not entitled to share in the estate of his father. The correctness of these holdings is not questioned here.

The one question for our determination is whether the trial court correctly held that the sum of $2,200 which the deceased had deposited in United States Postal Savings in the name of Allen Parker, Jr., was the property of the son and did not constitute a part of the estate of Allen Parker, deceased.

The correctness of that holding is challenged here by Dannette Van—a daughter of the deceased by his first wife—whom

the trial court held to be entitled to all of the property owned by deceased at the time of his death.

The theory of appellee, Allen Parker, Jr., adopted by the trial court, was that the $2,200 had been given to him by his father, the deceased, as a gift inter vivos. There was no claim that the alleged gift was made in view of pending dissolution.

■ It is without dispute in the evidence that all of the $2,200 was deposited by the deceased in the name of Allen Parker, Jr. But the mere fact that deceased deposited money in United States Postal Savings in the name of his son, Allen Parker, Jr., does not make the money so deposited a gift to Allen Parker, Jr. Vinson v. Vinson, 262 Ala. 388, 79 So.2d 31; Zorich v. Zorich, 119 Ind.App. 547, 88 N.E.2d 694. See Reed v. Reed, Tex. Civ.App., 283 S.W.2d 311; In re Vanicek's Estate, 145 Neb. 531, 17 N.W.2d 477.

In Vinson v. Vinson, supra, we said in part as follows:

"The law regarding gifts of personal property is well settled. Section 129, Tit. 47, Code 1940, provides that a parol gift of personal property is inoperative 'until the custody, control, management, and use of the property passes from the donor to the donee, and is possessed by such donee or his agent'. And this court has held that a clear surrender of the right and of the dominion over the property is required in contradistinction to a promise or an intention to surrender. There must be no reservation of any control over the property and nothing must remain to complete the delivery. Livingston v. Powell, 257 Ala. 38, 43, 57 So.2d 521; DeMouy v. Jepson, 255 Ala. 337, 339, 51 So.2d 506; Davis v. Wachter, 224 Ala. 306, 308, 309, 140 So. 361. The rule is thus stated in DeMouy v. Jepson, supra [255 Ala. 337, 51 So.2d 508]:

" 'It is an essential prerequisite of a gift inter vivos that there must be a clear intention of the donor to make the gift with the donor's relinquishment of all present and future dominion thereover and a delivery to and acceptance thereof by the donee. Collins v. Baxter, 231 Ala. 247, 164 So. 61.' " 262 Ala. 390, 79 So.2d at page 33.

We also said in Vinson v. Vinson, supra, 262 Ala. 391, 79 So.2d 34: "It is our view, after a careful consideration of the record, that the evidence supports the trial court's conclusion that Elmina Vinson did not intend to make a gift of the postal savings certificates to her son, Hollis." Counsel for appellee argues that the language just quoted indicates that a contrary holding would have been reached if the court had been of the opinion that the evidence clearly showed an intention on the part of Elmina Vinson to give the postal savings certificates to her son, Hollis. We did not intend for the statement last quoted to be so construed. We were merely commenting on a finding of the trial court which was not decisive of the question in the case.

■ Jessie Hicks, a colored woman approximately seventy-two years of age, who was a sister of the mother of Allen Parker, Jr., testified to the effect that she had had several conversations with the deceased concerning the money which he had deposited in United States Postal Savings and that he told her in substance that he so deposited the money in order that no one could get it but his son, Allen, Jr. She also testified that $1000 of the money so deposited actually belonged to Allen Parker, Jr., but the trial court was apparently not impressed with that testimony and most certainly we are not. The testimony of Jessie Hicks was not sufficient to justify a finding of a gift inter vivos because it shows no more than perhaps an intention to make such a gift.

Allen Parker, Jr., the appellee, testified in his own behalf. It is difficult to determine from his testimony whether or not he knew during the lifetime of his father that

the money had been deposited in United States Postal Savings in the name of Allen Parker, Jr. He did testify, however, that he was not in possession of the postal savings certificates at the time of his father's death. On the other hand, he stated that such certificates were in the possession of his father at that time. We quote from his testimony:

"Q. Did you have these at the date of his death, at Allen's death? A. No, sir.

"Q. He had them in his possession? A. Yes, sir.

"Q. All right. That is all of these postal savings certificates? A. That's right.

"Q. That is all of these postal savings certificates then? A. Yes.

"Q. He had them at the date of his death? A. He kept them.

"Q. He kept them? All the time? A. He kept them all.

"Q. He was the man put the money in? A. He was the one paid it."

Allen Parker, Jr., further testified that his signature did not appear on the "card" at the place where the "savings" were on deposit. He also stated that Lucia Parker, the woman with whom his father was living at the time of his death, delivered the certificates to him after his father's death, saying, "Well, here's these postal receipts. Your daddy told me anything happened to give them to you * * *."

■ The statement attributed to Lucia is not sufficient in view of the other evidence in this record to justify a finding that there had been a delivery of the certificates to Lucia as the agent of Allen Parker, Jr., with direction to make delivery upon the death of Allen Parker. See 38 C.J.S., Gifts, § 25, p. 805, "Trustee for donee."

■ Likewise, the evidence in this case is not sufficient to justify a holding to the effect that the money on deposit in United States Postal Savings was held by the deceased in trust for his son, the appellee. See McHugh v. O'Connor, 91 Ala. 243, 9 So. 165.

■■ We regret the conclusion which we feel we are forced to reach in this case, for we are reasonably satisfied that it was the wish and intention of the deceased that upon his death the $2200 become the property of his son, the appellee. However, he made no testamentary disposition of the property and the appellee failed to meet the burden which was upon him to show by clear and convincing proof the fact of a gift inter vivos. We feel constrained, therefore, under our holding in Vinson v. Vinson, supra, and the cases there cited, to reverse the decree of the trial court here under review.

■ We are of the opinion that the decree here complained of will support an appeal and the motion or petition for the alternative writ of mandamus filed by the appellant is denied.

Reversed and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.