264 So.2d 523

**In re STATE of Alabama**

**v.**

**Buena COBB et al.**

**Ex parte State of Alabama.**

**5 Div. 911.**

Supreme Court of Alabama.

June 29, 1972.

Smith, Bowman, Thagard, Crook & Culpepper, Montgomery, for petitioner.

Howard & Dunn and Reneau & Reneau, Wetumpka, for respondents.

**PER CURIAM.**

Petitioner seeks mandamus to review and revise the action of the circuit court in dismissing petitioner's appeals to the circuit court from alleged judgments of the probate court rendered in condemnation proceedings brought by petitioner in the probate court.

On preliminary application this court issued the rule nisi as prayed.

§ 23, Title 19, with respect to condemnation proceedings, provides, inter alia, that after final judgment in the circuit court, any party may, within thirty days thereafter, upon giving bond or security for costs, as in other cases, appeal to the supreme court.

§ 754, Title 7, provides in part that from any final judgment of the circuit court, except in cases as are otherwise directed by law, an appeal lies to the supreme court. Other sections in Title 7 provide for the manner of taking appeals to the supreme court.

In denying mandamus to compel a circuit court to set aside a judgment dismissing a suit, this court said:

"The judgment of which the petitioners complain is final, and, if erroneous, would support an appeal. Such a judgment cannot be reversed or corrected by *mandamus*. Steamboat Empire v. Alabama Coal Mining Co., 29 Ala. 698; Ex parte Buttons, 46 Ala. 312; Ex parte Jones, 1 Ala. 15; Ex parte Hoyt, 38 U. S. 279, 13 Peters 279, 10 L.Ed. 161; Bank of Columbia v. Sweeny, 26 U.S. 567, 1 Peters 567, 7 L.Ed. 265. *Mandamus* is a proper remedy only where there is a special legal right, and there is not a specific legal remedy adequate to the enforcement of the right. It is generally a sufficient answer to an application for the writ that there is another specific and adequate remedy. Ex parte Jones, *supra*. There is no decision of this court, and no principle of the common law, which would warrant us in granting this motion. It is neither more nor less than an application to reverse a judgment of the Circuit Court, in a matter of which it had jurisdiction, and in the absence of the party in whose favor the judgment was rendered. If the judgment is erroneous, to the prejudice of the petitioners, it can be corrected or reversed on appeal, and that remedy must be pursued.

"The application is refused, with costs." Ex parte Hendree, et al., 49 Ala. 360, 361, 362.

In Ex parte Smith, 168 Ala. 179, 181, 182, 52 So. 895, 896, this court said:

"Neither is mandamus the proper remedy to review and revise the judgment of the trial court dismissing the plaintiff's case. It was a final judgment, and such a one as would support an appeal to this court. 'To authorize the issue of the writ of mandamus, there must be a clear legal right, and no other remedy. The writ lies to compel the execution of ministerial duties, in all proper cases. As to judicial functions, the rule is different. The writ will be awarded to compel courts to entertain jurisdiction and pronounce judgment in the premises. It will not be awarded to order or direct

what judgment shall be rendered in any given case; nor can its powers be invoked to correct any error in the final judgment or decree of an inferior court. The reason for this latter rule is that there is an adequate remedy in appeal, which lies from all final judgments or decrees of courts of record.' (Citations Omitted) . . . ."

In a recent case this court said:

". . . . In the case of Ex parte Hendree, 49 Ala. 360, this court held that when a cause is dismissed from the docket of a court, and a final judgment is rendered therein against one of the parties for the costs, then an appeal will lie from such judgment and mandamus is not an appropriate remedy. Davis v. McColloch, 191 Ala. 520, 522, 67 So. 701. . . . ." McCulley v. Stroud, 286 Ala. 515, 518, 243 So.2d 28, 30.

■ It is established that mandamus will not be granted where petitioner has adequate remedy by appeal. State ex rel. Walker's Heirs v. Judge of Orphans' Court, 15 Ala. 740; Ex parte Schmidt, 62 Ala. 252; Leigh v. State, 69 Ala. 261; State ex rel. Pinney v. Williams,' 69 Ala. 311, 316; Ex parte Hurn, 92 Ala. 102, 104, 9 So. 515, 13 L.R.A. 120; Ex parte Smith, 168 Ala. 179, 52 So. 895; Ex parte Wright, 225 Ala. 220, 142 So. 672; Ex parte Moore, 231 Ala. 209, 164 So. 210; Ex parte Taylor, 236 Ala. 219, 181 So. 760; American Mutual Liability Ins. Co. v. Agricola Furnace Co., 236 Ala. 535, 538, 183 So. 677; Ex parte Hartwell, 238 Ala. 62, 188 So. 891; Ex parte Moore, 244 Ala. 28, 12 So.2d 77; Ex parte Industrial Finance & Thrift Corp., 255 Ala. 464, 51 So. 2d 894; Humphrey v. Lawson, 256 Ala. 198, 54 So.2d 439; Ingalls v. Ingalls, 259 Ala. 80, 65 So.2d 199; Van v. Parker, 266 Ala. 190, 94 So.2d 752.

■ If it should be that the circuit court has refused to enter judgment dismissing petitioner's cause in the form authorized by law which will support an appeal, then the authorities appear to support the proposition that, in a proper cause on timely application, mandamus will lie to compel entry of the judgment. This statement finds support in 55 C.J.S. Mandamus § 97a, page 156, as follows:

"Mandamus lies to compel a court to render a judgment disposing of a cause properly presented to it, or heard or tried by it, this being one of its duties and attributes. Mandamus also lies to compel a court to sign and enter a judgment when the parties have an absolute right to have the court take such action; and the writ may be issued to compel the entry of a judgment on the valid verdict or findings of a jury or on the report of a referee.

"In order that the writ may issue to compel the rendition or entry of judgment, the relators must establish a clear right to relief. It will not issue where its effect would be to review or control the judicial discretion or functions of the inferior court; nor will it issue where an appeal or other remedy lies and is adequate; or where the relator is not entitled to the judgment sought or has waived his right thereto; or where the duty devolves on the clerk; or where there is no necessity for mandamus. . . . ." (55 C.J.S. at 156, 157, 158)

This court appears to have assumed the existence of this principle in the discussion in Dudley v. Farris & McCurdy, 79 Ala. 187, to wit:

"We proceed to consider the merits of the second cause, which is an application for the writ of *mandamus,* to compel the chancellor to enter up the award of the arbitrators as the judgment of the Chancery Court. And we assume that, in a proper case of this character, *mandamus* would lie, as the only adequate and appropriate remedy of the petitioner." (79 Ala. at 189)

In State v. Williams, 69 Ala. 311, 316, this court said:

"The rules of law applicable to the case are simple and well settled. The writ of *mandamus* will lie from a superior to an inferior or subordinate court, in a proper case, to compel it to *hear and decide* a controversy of which it has jurisdiction; or, where the cause has been heard, to compel such inferior court to *render judgment or enter a decree* in the given case. But its use is not warranted to direct *what particular judgment* shall be rendered in a pending cause, nor is it the proper function of such remedial writ to re-examine, or correct errors in any judgment or decree so rendered. 'The rule applies to judicial as well as to ministerial acts, but it does not apply at all to a judicial act to correct an error, as where the act has been *erroneously* performed. If the duty is unperformed, and it be judicial in its character, the mandate will be to the judge directing him to exercise his judicial discretion or judgment, without any direction as to *the manner* in which it shall be done; or if it be ministerial, the *mandamus* will direct the specific act to be performed.' —Ex parte Newman, 871 U.S. 152, 14 Wall. 152, 169, 20 L.Ed. 877; High on Extr.Rem. §§ 150–152, 266; Ex parte Schmidt, 62 Ala. 252; Ex parte Mahone, 30 Ala. 49. The principle, of course, universally prevails, that in no event will the writ ever be awarded where *full and adequate* relief can be had by appeal, writ of error, or otherwise.—Ex parte South & North R. R. Co., 65 Ala. 599; High on Extr.Rem. § 10."

This court has also said:

"Mandamus will not be granted where petitioner has an adequate remedy by appeal. Ex parte Carroll, 272 Ala. 353, 131 So.2d 676, and cases there cited.

"The fact that a party has lost the right of appeal by failure to pursue the statutory remedy is not ground for issuing mandamus to compel an annulment of the judgment, Jenkins v. State, 24 Ala.App. 185, 132 So. 437, and mandamus is not available as a substitute for an appeal, Ex parte McElroy, 241 Ala. 554, 4 So.2d 437." Denson v. First National Bank of Birmingham, 276 Ala. 146, 149, 159 So.2d 849, 851.

On further consideration, we are of opinion that the rule nisi was improvidently issued and that the peremptory writ must be denied.

The original opinion is withdrawn and this opinion is substituted therefor. The application for rehearing is overruled.

Opinion withdrawn.

Stay of trial is vacated.

Peremptory writ denied.

Application for rehearing overruled.

MERRILL, COLEMAN, HARWOOD and McCALL, JJ., concur.

HEFLIN, C. J., concurs in result.

BLOODWORTH and MADDOX, JJ., dissent.

BLOODWORTH, Justice (dissenting):

I most respectfully dissent. Though I agree that the original opinion should be withdrawn, I would grant the application for rehearing.

The original opinion was prepared for the court by Bowen W. Simmons, Supernumerary Circuit Judge. Following are pertinent portions of that opinion which set out the facts and issues. I think they are helpful in understanding this case.

"It appears from the petition and briefs of the parties that the State of Alabama filed eminent domain proceedings in the Probate Court of Elmore County to condemn, for public road purposes, six parcels of described land located within one large area or tract, all of which was the property of the same owners; also, it is alleged that the Probate Court entered 'judgments' condemning each parcel. The same appraisers, duly appointed, returned separate

appraisals assessing damages as to Parcels 1, 2, 3, 4, and 5; no damages were awarded as to Parcel 6. These separate appraisals, as to each parcel, were ordered by the Probate Court.

"It appears without dispute that some of the defendants appealed from orders of condemnation as to Parcels 1, 3, and 6 to the Circuit Court of Elmore County and demanded trial by jury.

"Petitioner filed notices of appeal in the Probate Court with respect to alleged orders condemning 1, 2, 3, 4, 5, and 6, and to them as a whole. These notices of appeal were filed on September 2, 1970, and were misplaced. They were not filed with the Circuit Court until December 16, 1970. Petitioner had kept copies of the appeal notices, duly marked filed by the Probate Judge. These copies were used. These appeals were not on the pleading docket when that docket was called on December 15, 1970.

"Thereafter, on or about January 4, 1971, petitioner moved the trial court to consolidate all the appeals, namely, those with respect to Parcels 1, 2, 3, 4, 5, and 6; also the appeal as a whole. The motion to consolidate apparently was not ruled on. The defendants who appealed from the orders of condemnation with respect to Parcels 1, 3, and 6, moved the trial court, on January 4, 1971, to dismiss the State's appeals. Ground 8 of the motion asserts that there is no order of condemnation from which an appeal may be taken. Copies of the bench notes attached as exhibits to the petition here filed indicate that the motion to dismiss these appeals was granted instanter, and the State's appeals were all dismissed without any reason therefor appearing in the bench notes.

"Petitioner prays that this court issue a peremptory writ of mandamus directing respondent to reinstate the dismissed appeals and to consolidate all the cases, involving Parcels 1 through 6, for trial; also for general relief.

"This court, on January 8, 1971, issued its rule nisi to respondent requiring him to set aside his orders of dismissal of the State's relative to Parcels 1, 2, 3, 4, 5, and 6, or appear in this court within thirty days and show cause why he should not do so.

"On the same date, we stayed all appeals to the Circuit Court taken by defendants and all trials and further proceedings in the Circuit Court with respect to said Parcels 1 to 6, inclusive, pending determination by this court of the proceedings on the petition for mandamus filed by the State."

When a majority of the court concurred in that original opinion, it appeared that the record evidence before us was insufficient to show that final orders of condemnation had been entered in the probate court in the cases in which the petitioner appealed. In the absence thereof, there could be no valid appeals to the circuit court and that court's order dismissing the appeals would be free from error. And, we held the writ was due to be denied.

On application for rehearing, I became convinced that we were in error in concluding that no valid orders of condemnation had been entered in the probate court in these cases. Thus, I concluded we ought to grant the rehearing.

As I understand it, the Per Curiam opinion holds that mandamus is not the proper remedy because there is an adequate remedy by appeal. I have no quarrel with the rule that mandamus will not lie where there is an adequate remedy by appeal. I happen to disagree that there is an adequate remedy by appeal in this case.

The relief sought by petitioner is twofold: reinstatement by respondent judge of the dismissed appeals; and, consolidation of all the appeals for trial.

I fail to see how the petitioner can ever raise the consolidation issue under the majority opinion. Consolidation would not be properly presented to the trial judge until it is held by an appellate court that the ap-

peals should be reinstated in the circuit court. In the meanwhile, the circuit court will, presumably, have tried and disposed of the three appeals by the landowners.

MADDOX, J., concurs.