Rel: March 28, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

———————————————

## CL-2025-0111

———————————————

### Ex parte Drew Steven Deaton

### PETITION FOR WRIT OF MANDAMUS

### (In re: Drew Steven Deaton

### v.

### LeAnne Wilson Deaton)

### (Jefferson Circuit Court: DR-18-901324.03)

PER CURIAM.

Drew Steven Deaton ("the father") has filed in this court a petition for the writ of mandamus directed to the Jefferson Circuit Court ("the trial court") in a postdivorce action between the father and LeAnne

Wilson Deaton ("the mother"), which has previously been before this court. In <u>Deaton v. Deaton</u>, [CL-2023-0570, Nov. 8, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024), among other things, we ordered the trial court to hold an evidentiary hearing at which the father could challenge the reasonableness of a nearly $30,000 fee awarded to Clotele Hardy Brantley, who was appointed as the guardian ad litem to represent the interests of the children of the father and the mother; the father had been ordered to pay half of Brantley's fee. According to the allegations in the father's mandamus petition, after the trial court scheduled the evidentiary hearing on the reasonableness of Brantley's fee to occur on February 14, 2025, the father, on January 31, 2025, sent a notice to Brantley indicating that he would depose Brantley on February 3, 2025; the father also requested that Brantley produce at that deposition certain documentation to support her fee request.

The deposition occurred as scheduled; however, the father complains that Brantley was less than forthcoming during the deposition. In support of his petition for the writ of mandamus, the father has attached a "draft" of the transcript from Brantley's deposition. He refers this court to several instances in that deposition transcript

2

where Brantley refused to answer questions or lodged objections to the questions posed to her by the father's counsel. The father contends that Brantley also failed to produce certain documents at her deposition, which, he contends, limited his ability to depose Brantley on certain topics relating to the reasonableness of her fee.

On February 5, 2025, the father sent counsel for Brantley a letter, via e-mail and United States mail, in which he detailed several documents that had not yet been produced by Brantley and also indicated that an additional deposition would be necessary once those documents were produced. On February 10, 2025, Brantley's counsel responded to the father's letter in an e-mail, indicating that neither Brantley nor her counsel had the time to sit for another deposition before the February 14, 2025, evidentiary hearing. In that e-mail, Brantley's counsel also stated that Brantley had provided those documents that she believed were discoverable, claimed that all other requested documents were "work product," and indicated that any requested documents that had not yet been provided would not be produced.

On February 10, 2025, the father filed in the trial court a motion to compel Brantley to produce the requested documents and to provide the

testimony that she had refused to provide during the deposition. The father also filed a motion to continue the February 14, 2025, hearing on the reasonableness of Brantley's fee, pending the outcome of the motion to compel. On February 12, 2025, the trial court entered an order setting the father's motion to compel for a hearing to occur at 8:30 a.m. on February 14, 2025, presumably preceding the scheduled evidentiary hearing on the reasonableness of Brantley's fee. However, later that same day, the trial court entered another order setting aside the order setting the hearing on the motion to compel. The motion to compel remains pending before the trial court.

The father filed this petition for the writ of mandamus with this court on February 13, 2025, and he also sought and received a stay of the February 14, 2025, evidentiary hearing on the reasonableness of Brantley's fee request. We called for answers to the petition, which have now been filed and render the mandamus petition ripe for our review.

> "Mandamus is an extraordinary remedy and will be granted only where there is '(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Alfab, Inc., 586 So. 2d 889, 891 (Ala. 1991). This Court will not issue the writ of mandamus where the petitioner has '"full and adequate

4

relief"' by appeal. <u>State v. Cobb</u>, 288 Ala. 675, 678, 264 So. 2d 523, 526 (1972) (quoting <u>State v. Williams</u>, 69 Ala. 311, 316 (1881)).

"Discovery matters are within the trial court's sound discretion, and this Court will not reverse a trial court's ruling on a discovery issue unless the trial court has clearly exceeded its discretion. <u>Home Ins. Co. v. Rice</u>, 585 So. 2d 859, 862 (Ala. 1991). Accordingly, mandamus will issue to reverse a trial court's ruling on a discovery issue only (1) where there is a showing that the trial court clearly exceeded its discretion, and (2) where the aggrieved party does not have an adequate remedy by ordinary appeal. The petitioner has an affirmative burden to prove the existence of each of these conditions.

"Generally, an appeal of a discovery order is an adequate remedy, notwithstanding the fact that that procedure may delay an appellate court's review of a petitioner's grievance or impose on the petitioner additional expense; our judicial system cannot afford immediate mandamus review of every discovery order. <u>See</u> <u>Walker v. Packer</u>, 827 S.W.2d 833, 842 (Tex. 1992) ('Mandamus disrupts the trial proceedings, forcing the parties to address in an appellate court issues that otherwise might have been resolved as discovery progressed and the evidence was developed at trial.'). In certain exceptional cases, however, review by appeal of a discovery order may be inadequate, for example, (a) when a privilege is disregarded, <u>see</u> <u>Ex parte Miltope Corp.</u>, 823 So. 2d 640, 644-45 (Ala. 2001) ('If a trial court orders the discovery of trade secrets and such are disclosed, the party resisting discovery will have no adequate remedy on appeal.'); (b) when a discovery order compels the production of patently irrelevant or duplicative documents, such as to clearly constitute harassment or impose a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party, <u>see</u>, <u>e.g.</u>, <u>Ex parte Compass [Bank]</u>, 686 So. 2d 1135, 1138 (Ala. 1996) (request for 'every customer file for every variable annuity' including annuity products the plaintiff did

not purchase); (c) when the trial court either imposes sanctions effectively precluding a decision on the merits or denies discovery going to a party's entire action or defense so that, in either event, the outcome has been all but determined, and the petitioner would be merely going through the motions of a trial to obtain an appeal; or (d) when the trial court impermissibly prevents the petitioner from making a record on the discovery issue so that the appellate court cannot review the effect of the trial court's alleged error. The burden rests on the petitioner to demonstrate that its petition presents such an exceptional case -- that is, one in which an appeal is not an adequate remedy. See Ex parte Consolidated Publ'g Co., 601 So. 2d 423, 426 (Ala. 1992)."

Ex parte Ocwen Fed. Bank, FSB, 872 So. 2d 810, 813-14 (Ala. 2003) (footnote omitted); see also Ex parte CSX Transp., Inc., 374 So. 3d 690, 696-97 (Ala. 2022).

In his mandamus petition, the father argues that the trial court effectively denied his motion to compel by refusing to rule on that motion before the February 14, 2025, hearing on the reasonableness of Brantley's fee. He contends that the effective denial of his motion to compel places him in the position of having been "denie[d] discovery going to [his] entire action or defense so that, in either event, the outcome has been all but determined, and [he] would be merely going through the motions of a trial to obtain an appeal." Ex parte Ocwen Fed. Bank, 872 So. 2d at 813-14. Thus, the father contends, this court should consider the merits of his

6

motion to compel and, based on his arguments regarding the merits of the motion, direct the trial court to grant that motion.

In her answer, the trial-court judge contends that the father's petition for the writ of mandamus is premature and must be denied because she has not yet ruled on the motion to compel. See Ex parte Drury Hotels Co., LLC, 303 So. 3d 1188, 1194 (Ala. 2020) (declining to address an issue on petition for the writ of mandamus because "there is no decision regarding the merits of Drury's motion for this Court to review"); Ex parte Ocwen Fed. Bank, 872 So. 2d at 813 (quoting Ex parte Alfab, Inc., 586 So. 2d 889, 891 (Ala. 1991)) (listing the bases for mandamus relief, including "'an imperative duty upon the respondent to perform, accompanied by a refusal to do so'"); Ex parte Veteto, 230 So. 3d 401, 403 (Ala. Civ. App. 2017) ("[T]he trial court has not yet entered written orders on the motions .... Therefore, there are no adverse rulings for this court to consider at this time. Moreover, it is the duty of this court to review the propriety of orders and judgments made in the trial court; this court cannot issue rulings on the motions pending before the trial court."); see also Ex parte Monsanto Co., 794 So. 2d 350, 353-54 (Ala. 2001) (explaining that, "[g]enerally, the writ of mandamus will not issue

to compel a trial court to exercise its discretion in a particular manner"). She argues that the other parties, and, particularly, Brantley, were entitled to "proper notice [of] and a hearing on" the motion to compel. She also states in her answer that, "[s]hould a continuance for the evidentiary hearing [on the reasonableness of Brantley's fee] have been necessary, th[e] court would have continued the hearing to a later date."

Although the trial-court judge states in her answer that she had set both the motion to continue and the motion to compel for a hearing, she has not provided this court with copies of any orders setting either motion for a hearing. As previously noted, the father presented a February 12, 2025, order setting the motion to compel for a hearing and an order entered only hours later setting aside that order, indicating that the trial court did not intend to hold a hearing on the motion to compel before the commencement of the February 14, 2025, evidentiary hearing on the reasonableness of Brantley's fee. None of the materials before this court indicate that the trial court set the motion to continue for a hearing, and all parties appear to agree that the trial court did not grant the requested continuance of the February 14, 2025, hearing on the reasonableness of Brantley's fee, despite the fact that, as conceded in the answer, a hearing

8

on the motion to compel was necessary to determine whether Brantley should be required to answer certain questions posed to her in the deposition or to produce certain documentation to support her fee request.

We agree with the trial-court judge that she should be permitted to rule on the motion to compel in the first instance. See Ex parte Drury Hotels Co., LLC, 303 So. 3d at 1194; Ex parte Ocwen Fed. Bank, 872 So. 2d at 813. In its present posture after our issuance of the stay of the February 14, 2025, evidentiary hearing on the reasonableness of Brantley's fee, the underlying case is in a position such that this court should not consider the merits of the father's motion to compel or direct the trial court to issue a particular ruling on the father's motion to compel. See Ex parte Monsanto Co., 794 So. 2d at 353-54. Because we have stayed the February 14, 2025, evidentiary hearing on the reasonableness of Brantley's fee, the father is not currently in a position where he will be "denie[d] discovery going to [his] entire action or defense so that, in either event, the outcome has been all but determined, and [he] would be merely going through the motions of a trial to obtain an appeal." Ex parte Ocwen, 872 So. 2d at 813-14.

Accordingly, we have decided to treat the father's petition for the writ of mandamus as a petition seeking an order directing the trial court to hold a hearing on the motion to compel <u>before</u> proceeding to an evidentiary hearing on the reasonableness of Brantley's fee so that the father can prepare for that hearing with the aid of the discovery he seeks, provided he can establish the right to such discovery; seek further discovery if such is necessary; and, if required, seek further review of the ruling on the motion to compel if it is not favorable to him. So construed, the father's petition for the writ of mandamus is due to be granted. The trial court is therefore directed to hold a hearing on the father's motion to compel at a time reasonably in advance of any future hearing on the reasonableness of Brantley's fee so as to allow for meaningful further discovery if the father's motion to compel is granted in whole or in part.

PETITION GRANTED; WRIT ISSUED.

Moore, P.J., and Edwards, Hanson, and Lewis, JJ., concur.

Fridy, J., recuses himself.