This appeal arises from consolidated suits by a contractor and a subcontracting materialman against a homeowner. The trial court entered a judgment awarding damages to the contractor against the homeowner and to the subcontractor against the contractor. Because the contractor is insolvent and there are tax liens pending against the contractor's award, the subcontractor appeals from the trial court's failure to impose a materialman's lien against funds from the sale of the house and land.
Robert and Lynn Yeager contracted with Mickey Maddox Co., Inc., a general contractor, for the construction of a house on their property in Gulf Shores, Alabama. Maddox subcontracted with Coastal Millwork, Inc., for Coastal to supply millwork and other materials to be used in the construction of the house. Disputes arose between the Yeagers and Maddox; when Maddox was not paid, it did not pay Coastal. On December 26, 1984, Coastal mailed to the Yeagers a notice that it claimed a lien on their house. See Code 1975, § 35-11-218. *Page 189 
On January 29, 1985, Coastal filed a verified statement of lien in the probate court of Baldwin County. See Code 1975, §35-11-213.
Coastal filed a complaint on April 1, 1985, requesting the court to render a judgment for $15,429.08 against Maddox and to
 "order, adjudge and decree that Plaintiff has a lien in the amount of $15,429.08 against the property described above, the residence and improvements thereon, and the moneys which are in the possession of YEAGER which are due MADDOX for the construction of said residence and improvements."
Coastal also asked the court to declare that Coastal's lien was superior to a first and a second mortgage executed by the Yeagers after Coastal began supplying materials, and to order that the property be sold to satisfy Coastal's lien.
Maddox filed a complaint against the Yeagers on May 24, 1985, and the Yeagers filed a counterclaim in that action. The actions were consolidated and the trial court entered judgment in favor of Maddox and against the Yeagers in the amount of $26,386.63 and in favor of Coastal against Maddox in the amount of $14,835.83, and the court denied all other claims for relief.
During the pendency of the actions, the house and lot were sold. From the proceeds, the first and second mortgages were satisfied and an escrow fund of $34,400.00 was established to pay any judgment obtained by Maddox. The court ordered distribution of these escrow funds, including $14,835.83 plus cost and interest to be paid to Coastal. It is only as against these funds that Coastal now claims a lien, not as against the house in the hands of the purchaser. Coastal states in its brief that this appeal is necessary in spite of the escrow fund because the Internal Revenue Service asserts a tax lien against Maddox's interest in the escrowed funds. Coastal further asserts in its brief that, if it is declared entitled to a lien, the priority of its lien as against the tax lien will be decided in an interpleader action now pending before the United States District Court for the Southern District of Alabama.
Regardless of these assertions, which are outside the record, we see nothing to contradict Coastal's claim that it is entitled to a lien.[1] Code 1975, § 35-11-210, provides in pertinent part:
 "Every mechanic, person, firm or corporation who shall . . . furnish any material . . . for any building or improvement on land . . . under or by virtue of any contract with the owner or proprietor thereof, or his . . . contractor or subcontractor, upon complying with the provisions of this division, shall have a lien therefor on such building or improvements and on the land on which the same is situated."
(Emphasis added.) Further provisions of that section relate to different circumstances under which a subcontractor or materialman may be entitled to a full price lien or a lien only to the extent of the unpaid balance due to the contractor, but those provisions are not material here because the unpaid balance due Maddox exceeds the amount due Coastal.
Coastal has fully complied with all pertinent provisions of Division 8, "Mechanics and Materialmen," Code 1975, §§35-11-210 through -234. As mentioned above, Coastal notified the Yeagers in accordance with § 35-11-218, and filed a verified statement of lien in accordance with § 35-11-213. The verified statement was timely filed: § 35-11-215 gives four months after the last item of material is furnished; Coastal furnished its last item on October 2, 1984, and filed its verified statement of lien on January 29, 1985. Section35-11-221 requires that an action for enforcement of such a lien be filed within six months after the maturity of the entire indebtedness; Coastal filed its action within six months of its final delivery of materials. Nothing in any other provision under Division 8 appears to have been violated in Coastal's attempt to enforce its lien. Section 35-11-210 states that a materialman "shall have a lien" if he complies with the *Page 190 
provisions of Division 8. Therefore, Coastal is entitled to a lien. The judgment of the trial court is reversed to the extent that it failed to enforce a lien in favor of Coastal.
REVERSED AND REMANDED.
MADDOX, JONES, SHORES and BEATTY, JJ., concur.
[1] No appellee's brief has been filed in this appeal. Maddox filed a letter stating that it does not oppose Coastal's claim of a lien, and no other party has filed any response to the appeal.