THOMPSON, Presiding Judge.
This court's opinion of December 1, 2017, is withdrawn, and the following is substituted therefor.
Kenneth L. McGee, a general contractor doing business as FMC Mobile ("McGee"), appeals from a partial summary judgment entered by the Mobile Circuit Court ("the circuit court"). Specifically, the partial summary judgment released a materialman's lien ("the lien") McGee had filed against David G. Dillard and Teresa Murray Dillard. The circuit court determined there was no just reason for delay of an appeal of the release of the lien and certified the partial summary judgment as final pursuant to Rule 54(b), Ala. R. Civ. P. McGee also purports to appeal from interlocutory orders entered as to the Dillards' pending claims against McGee.
The record indicates the following. McGee is a general contractor who preserves and improves structures. In June 2015, he entered into two separate agreements with the Dillards for the preservation and repair of a house ("the house") owned by the Dillards. McGee completed the work to be performed as provided by one of the agreements, and the Dillards paid for that work in full. The second agreement ("the agreement") is the subject of this litigation. Pursuant to the agreement, McGee was to paint certain portions of the exterior of the house and to make certain repairs to the interior of the house, including repairing three windows. The agreement was later revised, calling *115 for the replacement of five windows rather than the repair of three windows.
On March 10, 2016, the Dillards filed a complaint in the circuit court alleging that they had terminated McGee's services on or about September 4, 2015, and had paid him in full for all the work that had been performed, the materials provided, and the costs incurred through that date. According to the complaint, despite having been paid in full, McGee filed in the Mobile Probate Court the lien against the house. The Dillards sought a judgment determining that they did not owe McGee any further money, declaring the lien void, and releasing the lien. The Dillards also sought money damages for slander of title. The Dillards twice amended their complaint, adding counts of breach of contract, breach of the warranty to perform in a workmanlike manner, and negligence and/or wantonness.
On March 11, 2016, the day after the Dillards filed their complaint in the circuit court, McGee, who has appeared pro se throughout these proceedings, filed an action in the Mobile small-claims court. The Dillards filed a motion in the circuit court requesting that the two actions be consolidated. The circuit court granted the motion on March 24, 2016.[1] After the actions were consolidated, McGee's action was treated as a counterclaim to the Dillards' action.
On March 31, 2016, McGee filed an objection to the consolidation, saying, among other things, that it was "a rush to judgment." He claimed that he was owed $2,953.13 and, therefore, that his action should be tried in the small-claims court. McGee attached to the objection his affidavit and the final invoice he had submitted to the Dillards on September 9, 2015. A copy of the lien was not attached to McGee's objection. The circuit court denied McGee's objection, and the litigation proceeded. The record shows that McGee has consistently refused to comply with discovery requests or to be deposed. In fact, in an e-mail message to the Dillards' attorney, McGee stated: "As you know, I'm not required to give you any of that material [requested in discovery]. I will have copies available for you at trial." Eventually, the Dillards filed a motion for sanctions against McGee. On September 9, 2016, the circuit court entered an order directing McGee to sit for a deposition no later than October 21, 2016. McGee filed various papers with the circuit court claiming that his constitutional rights would somehow be violated if his deposition was taken before the Dillards' depositions. We note that McGee has not attempted to notice depositions for the Dillards or to propound discovery requests on them. The record indicates that McGee is under the impression that, because the Dillards are the plaintiffs and bear the burden of proof, he is not required to submit requested discovery or to sit for a deposition until the Dillards have been deposed. Despite *116 McGee's specious argument and the fact that McGee had not noticed depositions for the Dillards, the circuit court amended its September 9, 2016, order to require the Dillards to be deposed on the same day as McGee and allowing McGee's deposition to be held after the Dillards' depositions. Nonetheless, McGee failed to comply with the order, and the Dillards again filed a motion for sanctions.
On January 6, 2017, the circuit court held a hearing on the motion for sanctions. In its order of January 9, 2017, the circuit court noted that, at the hearing, McGee continued "to argue the fairness of this Court's order requiring him to sit for a deposition before the [Dillards] were deposed." The circuit court then stated:
"This Court finds [McGee's] tactics to date to be dilatory. No good cause has been shown for ignoring the Court's order to sit for a deposition, nonetheless, the Court will give [McGee] one more opportunity to comply with its order of September 9, 2016. Accordingly, defendant, Kenneth McGee, shall make himself available for his deposition within 21 days from the date of the January 6, 2017, hearing, i.e., no later than January 27, 2017. Failing the same, the Court will enter appropriate sanctions which may include an award of attorney's fees, dismissal of [McGee's] counterclaim, and/or granting of a default judgment."
We note that the record contains a motion for sanctions that the Dillards filed on January 31, 2017, alleging that McGee still refused to sit for a deposition. The record does not indicate that the circuit court has acted on that motion.
Meanwhile, on December 16, 2016, the Dillards filed a motion for a summary judgment as to the declaratory-judgment count of their complaint, which sought the release of the lien. The Dillards argued that McGee had failed to commence an action to perfect or enforce the lien within six months, as required by § 35-11-221, Ala. Code 1975. That statute provides that "[a]ny action for the enforcement of the lien declared in this division [i.e., Title 35, Chapter ll, Division 8, §§ 35-11-210 through 35-11-234, Ala. Code 1975 ] must be commenced within six months after the maturity of the entire indebtedness secured thereby, except as otherwise provided in this division." In support of the motion for a partial summary judgment, the Dillards submitted a copy of the lien, purporting to secure an indebtedness of $3,887.62, which was filed in the Mobile Probate Court on September 14, 2015. The lien stated that the work was completed on September 11, 2015. McGee filed an opposition to the motion.
On March 6, 2017, the circuit court entered a partial summary judgment, finding that McGee had never sought to enforce his lien in the circuit court. Instead, the circuit court stated, McGee had filed an action in the small-claims court seeking monetary damages for work, labor, and materials furnished, which did not comply with statutory requirements for perfecting or enforcing the lien. The circuit court noted that McGee's action for monetary damages, which had been consolidated with the Dillards' action, could proceed.
That same day, March 6, 2017, the circuit court entered an order declaring the lien invalid and releasing the lien. On March 14, 2017, the circuit court certified the March 6, 2017, partial summary judgment as final pursuant to Rule 54(b), Ala. R. Civ. P. In doing so, the circuit court found that there was no just reason for delay in entering a final judgment on the issue of the release of the lien, explaining that the Dillards were scheduled to close on the property that was the subject of the lien, and ordered the closing agent to hold $5,831.43, 150% of the amount of the lien, *117 in escrow until the time for an appeal had run. The circuit court also explained:
"Discovery is ongoing in this matter, and [McGee] continues his defiant, dilatory conduct in refusing to sit for a deposition despite this court's orders. Therefore, [McGee's] conduct could require the [Dillards'] money to be held in escrow indefinitely even though the court has ordered the lien at issue to be released."
The circuit court also stated that the entry of the partial summary judgment did not affect McGee's counterclaim for money damages based on work and labor performed. McGee filed a timely notice of appeal to this court on April 25, 2017.
On appeal, McGee first argues that the circuit court erred in releasing the lien. Although in his appellate brief McGee states that the circuit court's judgment was "based on plainly and palpably wrong findings," the propriety of the judgment releasing the lien is a question of law, not of fact. Therefore, we review the judgment de novo. "[W]hen the material facts are undisputed and the only issue presented involves a pure question of law, the appellate court's review is de novo. Christian v. Murray, 915 So.2d 23, 25 (Ala. 2005) ; Alabama Republican Party v. McGinley, 893 So.2d 337, 342 (Ala. 2004)." Magrinat v. Maddox, 220 So.3d 1081, 1084 (Ala. Civ. App. 2016).
The law regarding perfection and enforcement of materialman's liens is well settled.
"Materialman's liens, being statutory creations, can be perfected and enforced only by complying with the requirements found in Ala. Code 1975, § 35-11-210 et seq. The liens are inchoate and will be lost if the lienors fail to perfect them according to the requirements of the statute. Bailey Mortgage Co. v. Gobble-Fite Lumber Co., 565 So.2d 138 (Ala. 1990)."
Ex parte Grubbs, 571 So.2d 1119, 1120 (Ala. 1990).
"A materialman's lien comes into existence immediately when one provides any materials or performs labor upon the property, but it remains inchoate unless the statement of lien is timely filed pursuant to § 35-11-213 and unless an action is timely filed to perfect the materialman's lien, pursuant to § 35-11-221. Metro Bank v. Henderson's Builders Supply Co., 613 So.2d 339 (Ala. 1993)."
Hill v. Hill, 757 So.2d 468, 471 (Ala. Civ. App. 2000) (emphasis added).
To perfect a mechanic's or materialman's lien, one must complete three required steps: (1) provide statutory notice to the owner; (2) file a verified statement of lien in the probate office of the county where the improvement is located; and (3) file suit to enforce the lien. § 35-11-210 et seq., Ala. Code 1975; Bailey Mortg. Co. v. Gobble-Fite Lumber Co., 565 So.2d 138, 141-43 (Ala. 1990). In this case, notice is not an issue, nor is the filing of a verified statement of lien. In Gobble-Fite, our supreme court discussed the last step required to perfect a lien, i.e, filing an action to enforce the lien.
"The final step for perfection is to file suit in the circuit court of the county where the property is located (in the district court if the amount is less than $50). Ala. Code 1975, § 35-11-220. Suit must be commenced within six months 'after ... maturity of the entire indebtedness.' Ala. Code 1975, § 35-11-221. More than likely, this will be the date of the last labor performed or the date materials were last furnished.
*118 Yeager v. Coastal Mill Work, Inc., 510 So.2d 188 (Ala. 1987)."
565 So.2d at 143.
The lien McGee filed indicates that the last work, labor, and/or materials provided to improve the house was on September 11, 2015. The lien was for $3,887.62. On March 11, 2016, McGee filed an action in small-claims court seeking $2,953.13 in damages from the Dillards. McGee's complaint did not seek the enforcement of the lien; in fact, it did not mention the lien. To date, McGee has not filed an action seeking to enforce the lien, which is required for the lien to be perfected. § 35-11-220, Ala. Code 1975; see also Gobble-Fite, 565 So.2d at 143. Because no action for the enforcement of the lien was commenced within six months after the maturity of the debt the lien secured, the limitations period for the enforcement of the lien expired. § 35-11-221, Ala. Code 1975. Therefore, the circuit court correctly determined that the lien was invalid and due to be released.
McGee also contends that the circuit court deprived him of his constitutional rights when it ordered him to sit for his deposition before the Dillards had been deposed. The discovery orders that McGee challenges, entered on September 9, 2016, and January 9, 2017, are interlocutory. The proper means of seeking appellate review of an interlocutory order is to petition for a writ of mandamus. Norman v. Norman, 984 So.2d 427, 429 (Ala. Civ. App. 2007) ; see also Ex parte C.L.J., 946 So.2d 880, 887 (Ala. Civ. App. 2006) ("A petition for a writ of mandamus is the appropriate method for reviewing an interlocutory order."). "Upon a determination that a judgment is not final, this court has discretion to treat an appeal as a petition for a writ of mandamus." Ex parte Landry, 117 So.3d 714, 718 (Ala. Civ. App. 2013). However,
"[m]andamus is an extraordinary remedy and will be granted only where there is '(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala. 1991). This Court will not issue the writ of mandamus where the petitioner has " 'full and adequate relief' " by appeal. State v. Cobb, 288 Ala. 675, 678, 264 So.2d 523, 526 (1972) (quoting State v. Williams, 69 Ala. 311, 316 (1881) )."
Ex parte Ocwen Fed. Bank, FSB, 872 So.2d 810, 813 (Ala. 2003). Appellate courts
" 'will review by mandamus only those discovery matters involving (a) the disregard of a privilege, (b) the ordered production of "patently irrelevant or duplicative documents," (c) orders effectively eviscerating "a party's entire action or defense," and (d) orders denying a party the opportunity to make a record sufficient for appellate review of the discovery issue. [ Ex parte Ocwen Fed. Bank, FSB, ] 872 So.2d [810] at 813-14 [ (Ala. 2003) ]....'
" Ex parte Meadowbrook Ins. Group, Inc., 987 So.2d 540, 547 (Ala. 2007)."
Ex parte Mobile Gas Serv. Corp., 123 So.3d 499, 504 (Ala. 2013). McGee's contention that he does not have to be deposed until after the Dillards are deposed does not involve any of the grounds for mandamus review of a discovery matter. Accordingly, we decline to treat the issue as though it were before us on a petition for a writ of mandamus. Because no judgment has been entered as to the Dillards' claims for damages, there is no final judgment from which McGee can appeal as to this issue. Therefore, the appeal is dismissed as *119 to the issue of whether the circuit court erred in ordering McGee to sit for a deposition. See Ex parte Vanderwall, 201 So.3d 525, 532 (Ala. 2015) (holding that, when an order appealed from is not a final judgment, it is the duty of the court to dismiss the appeal ex mero motu).
For the reasons set forth, the circuit court's judgment releasing the lien is affirmed. The remainder of McGee's appeal is dismissed.
ON REHEARING EX MERO MOTU: OPINION OF DECEMBER 1, 2017, WITHDRAWN; OPINION SUBSTITUTED; APPEAL DISMISSED IN PART; AFFIRMED.
Moore, J., concurs.
Thomas, J., concurs in the rationale in part and concurs in the result, with writing, which Pittman, J., joins.
Donaldson, J., concurs in the result, without writing.
I agree with the main opinion's conclusion that the Mobile Circuit Court ("the trial court") correctly determined that the materialman's lien filed by Kenneth L. McGee was invalid. However, although I would also not treat any portion of McGee's appeal as a petition for the writ of mandamus, I would decline to do so because McGee's appeal was filed more than 42 days after the entry of the interlocutory orders of the trial court of which he complains. See Rule 21(a)(3), Ala. R. App. P. (requiring that a petition for the writ of mandamus be filed within a reasonable time, which is presumed to be equivalent to the time for taking an appeal). Thus, even if we were to have treated McGee's notice of appeal as a petition for the writ of mandamus, we could not have considered McGee's arguments because they were untimely asserted.
Pittman, J., concurs.

The record submitted on appeal did not indicate that McGee's small-claims action, over which the district court had jurisdiction, see § 12-12-31(a), Ala. Code 1975, had been transferred to the circuit court. Accordingly, in our opinion on original submission this court determined that the circuit court had not obtained jurisdiction over the small-claims action when it entered an order consolidating that action with the Dillards' circuit-court action. Therefore, we stated, the consolidation order was void. After this court's opinion on original submission was released on December 1, 2017, the circuit court entered an order directing the Dillards to supplement the record on appeal to include the March 24, 2016, order that the district court entered in the small-claims action transferring that action to the circuit court. Time stamps indicate that, later that same day, the circuit court entered the consolidation order. Thus, the circuit court had jurisdiction over the small-claims action at the time it entered the consolidation order.